Bensalem Township and June M. McLoughlin, Appellants *v.* Wilmer S. Weber, Jr. and Barbara G. Weber, his wife, Appellees.

Submitted on briefs, March 5, 1981, to Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Henry F. Huhn,* for appellants.

*Thomas M. Guinan,* for appellees.

OPINION BY JUDGE CRAIG, April 8, 1981:

Bensalem Township has appealed from the refusal of the Court of Common Pleas of Bucks County to dismiss, for lack of jurisdiction, a mandamus action filed by the landowner appellees.

In their mandamus complaint filed October 12, 1978, the landowners averred, among other things, that: (1) the township's zoning hearing board had, on January 4, 1977, held a hearing on landowners' application for a variance to permit a real estate and insurance office in a residential district; (2) the board had rendered no decision; (3) therefore, pursuant to

the provisions of Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[1] the variance application must be deemed to have been granted; and (4) a permit, accordingly demanded from the township zoning officer, has been refused. The township responded with preliminary objections raising questions of jurisdiction and demurrer, and bearing a verification; after the landowners' answer, the township proceeded to take depositions on the factual question of whether or not the landowners had withdrawn their variance application before the board.

The common pleas court overruled the preliminary objection raising a question of jurisdiction, but sustained the demurrer on the ground that the complaint failed to aver when, if ever, the board hearings had been completed, and gave leave to file an amended complaint.

The township here contends that the jurisdictional objection should have been sustained because mandamus does not lie. The township also contends that the common pleas court should have decided the factual question concerning the alleged withdrawal of the application, in connection with deciding the jurisdictional question.

On the first point, we note that jurisdiction in mandamus over the subject matter is proper. In *Foltz v. Zoning Hearing Board of Monroeville*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972), this court clearly decided that mandamus is a proper remedy to compel the issuance of a permit, in accordance with MPC §908(9), after the failure of a zoning board to act for forty-five days.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9). Section 908(9) requires the board to render a decision within forty-five days after its last hearing and provides that, upon failure to do so, "the decision shall be deemed to have been rendered in favor of the applicant. . . ."

Quite plainly, a landowner who claims the benefit of a deemed approval can look only to mandamus for the issuance of a permit; a statutory appeal to court under MPC §1006(3)(b) is available only to "any party aggrieved", and the landowner obviously is not aggrieved by the deemed approval decision in his favor.[2] This type of case is different from the situation in *Lindy Homes, Inc. v. Sabbatini,* 42 Pa. Commonwealth Ct. 600, 401 A.2d 589 (1979), where an applicant files no appeal with the zoning hearing board but proceeds directly in mandamus on the basis that the right to a permit is clear and undoubted.

The township's second point, seeking a factual determination that the landowners' board application was withdrawn, is actually directed to the merits of the mandamus case, rather than to the threshold question of jurisdiction in mandamus. Although, as the township notes, Pa. R.C.P. No. 1028(c) states that, with respect to preliminary objections, "[i]f an issue of fact is raised, the court shall take evidence by depositions or otherwise," the factual issue contemplated in connection with a jurisdictional preliminary objection is one going to the jurisdictional base itself, as where jurisdiction over the person is questioned. *See Envirosystems Corporation v. Weinhardt,* 271 Pa. Superior Ct. 66, 412 A.2d 577 (1979).

Here the township claims that it is entitled to prove by depositions that the application was withdrawn and thus to establish that the landowners' claim of right is not so clear as to warrant mandamus. If, as the township contends, every defendant were thus permitted to telescope the proceedings by raising the merits of the case through verified preliminary objec-

---

[2] *Appeal of Foltz,* 22 Pa. Commonwealth Ct. 562, 349 A.2d 918 (1974) specifically holding that the landowner who benefits from a deemed approval is not aggrieved and therefore has no standing to take a statutory zoning appeal.

tions and depositions under the guise of a jurisdictional question, then a proper framing of the factual issues by pleadings would never be reached, at least in mandamus cases. In the present circumstances, if the township is convinced of its position, it has available a motion for summary judgment under Pa. R.C.P. No. 1035(a) providing that, after the pleadings are closed, any party may move for a summary judgment on pleadings and depositions.

Therefore, the order of Judge GARB below, refusing to dismiss for lack of jurisdiction[3] and allowing proper and necessary pleading, should be affirmed.

### ORDER

Now, April 8, 1981, the order of the Court of Common Pleas of Bucks County at No. 78-10116-05-06, dated March 5, 1980, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[3] This appeal was filed March 31, 1980, before the June 27, 1980 effective date of repeal of the Act of March 5, 1925, P.L. 23, §1, as amended, formerly 12 P.S. §672 by Section 2(a) [1069] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202. The Act of 1925 allowed appeal, of right, from a jurisdictional order, even when interlocutory (as when subject matter jurisdiction is sustained). Fineberg v. Urban Redevlopment Authority of Pittsburgh, 44 Pa. Commonwealth Ct. 629, 405 A.2d 1311 (1979).