Elvin Vernon and Elvin Vernon, Inc., Appellants
*v.* Borough of Darby et al., Appellees.

Argued March 5, 1981, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Howard N. Stark,* with him *William G. Sherr,* for appellants.

*Alfred J. Mattei,* with him *Peter J. Nolan,* for appellees.

OPINION BY JUDGE CRAIG, April 24, 1981:

Elvin Vernon (together with his corporation) appeals from an order of the Court of Common Pleas of Delaware County, which denied his request for a preliminary injunction to prevent the Borough of Darby, its council members, mayor, code enforcement officer and a police officer from interfering with appellant's business operations.

Appellant's business is the sale of sexually oriented magazines and products, and the operation of ten movie booths in which films of sexual activities are shown.

In December, 1979, under the zoning ordinance, appellant applied for and received a retail sales occupancy permit for a shop on Main Street in Darby; the area was zoned non-residential.[1]  On January 8, 1980, he aplied for an amusement device license, which was issued by the code enforcement officer for ''Coin

---

[1] Although both parties appear to view the dispute as a zoning question, at least in part, the record does not disclose a zoning violation.  Appellant unquestionably misrepresented the nature of his business as "dry goods" when he applied for the use and occupancy license; however, the permitted use designation "Sales Retail" obviously encompasses various retail businesses.

operated Amusement—Pinball Machines and Kiddie Rides ONLY.''

Four days later, the mayor entered the premises, observed the items offered for sale, and viewed one of the movies. Officer Reynolds, who was outside the shop at the time, issued a citation for violation of borough ordinance 119-1,[2] which requires a license for ''moving picture exhibitions.''

On January 14, the code enforcement officer served a violation notice on appellant which stated: ''[y]ou are in violation of your license to operate and you must close all operations at once and remain close until proper license are obtained (sic).'' Appellant appealed from that notice to the zoning hearing board, claiming that all further official action was stayed under the Municipalities Planning Code Section 916.[3]

However, the following day, the borough council adopted a resolution to ''immediately close the adult book store that is in violation of the Darby Borough Code.'' The mayor proceeded to appellant's store, asked those present to leave, and chained and padlocked the door.

The code enforcement officer sent appellant a letter revoking the amusement license, citing that appellant: knowingly gave false and misleading state-

[2] The ordinance states:

No person, firm, or corporation shall, within the Borough of Darby, conduct any theater, public hall or place for theatrical or moving picture exhibitions or other amusements at which an admission or other fee is charged without first procuring a license therefore (sic) and paying the license fee hereinafter provided; provided, however, that this chapter shall not apply to theatrical or moving picture exhibitions or other amusements conducted by religious or fraternal organizations within the Borough, and provided further that no license shall, under any circumstances, permit in any licensed premises any lewd, immoral or improper exhibition, entertainment or other amusement.

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10916.

ments; did not apply for a theater or motion picture amusement license; and did not comply with the specific terms of the amusement license.

Following the hearing on appellant's request for a preliminary injunction, the judge denied relief on the basis of appellant's unclean hands; he ordered that appellant have "leave to enter the premises to remove any items they wish, but they shall not operate or return to operate the premises." The judge stated on the record: "[W]e return the property to the status quo that it was before the applications were made."

Appellant claims that the borough officials, in forcibly obstructing the operation of business, exceeded their power and violated appellant's due process rights, citing *Berman v. Philadelphia*, 425 Pa. 13, 228 A.2d 189 (1967).

In *Berman,* the Supreme Court reviewed a lower court denial of a preliminary injunction to prevent the forcible obstruction of a trailer used as a bail bondsman's office. The Philadelphia Department of Licenses had revoked the trailer's use permit because of an alleged zoning violation. City employees then cut the telephone and electric wires leading to the trailer, locked the trailer door and stationed a policeman in front of it to refuse access to the bail bond personnel.

The court concluded that, by allowing the police to circumvent available legal machinery in forcibly evicting the appellant, the lower court had abused its discretion in refusing to issue the preliminary injunction, stating:

> It cannot be gainsaid that appellants had a right to insist that the police not seize their property without due process of law. . . . [B]asic respect for government is eroded when some of its officers arbitrarily ignore estab-

lished procedures of law and rely upon the force of their power.

425 Pa. at 17, 228 A.2d at 191.

Characterizing the seizure as a "continuing one," the court ordered the police department restrained from interfering with the rights of the bail bond firm "until such time as the legal status of appellants' position is determined in a manner consistent with an orderly administration of justice." *Berman, supra* at 19, 228 A.2d at 192.

We believe that *Berman, supra,* controls this case. The Borough cannot cite any law in support of its unilateral barricade of appellant's premises.

Appellants' movie-booth business activity falls under the terms of both the amusement permit ordinance and moving picture license ordinance.[4] Some kind of borough action was therefore merited by appellant's violation of both ordinances. However, the borough had less drastic legally prescribed alternatives available to rectify the situation. Appellant may be subject to fines and an injunction by the borough for the violations, but not to physical obstruction accomplished without the benefit of legal process. *Berman, supra.*

The order below, instructing that appellant "shall not operate the premises or return to operate the premises", if such prohibition referred to appellant's operation of the movie booths, was not inconsistent with our view that appellant violated the terms of the amusement permit and the moving picture licensing ordinance.[5]

---

[4] The literal terms of the ordinance would appear to encompass the operation of movie booths. *See* note 2, *supra.*

[5] The lower court's prohibition of any use contrary to the terms of the amusement permit in effect denied appellant's request for a supersedeas to allow operation pending adjudication of municipal appeals under the ordinances.

However, we should modify the order so that there can be no question concerning the illegality of the summary obstructive action taken by the borough.

Accordingly, the order below is thus modified; otherwise it is affirmed as consistent with this opinion.

ORDER

AND Now, April 24, 1981, the order of the Court of Common Pleas of Delaware County, No. 80-960, dated February 5, 1980, is modified to provide that (1) the borough, its officers and agents shall not obstruct access to the premises by physical locks or barriers, or otherwise, and that (2) plaintiffs shall not use the premises for the operation of motion picture booths, unless and until plaintiff obtains lawful borough licenses for such devices under the borough's amusement device ordinance and under Ordinance 119-1.

Judge WILKINSON, JR. did not participate in the decision in this case.