Joe's Enterprises of Stroudsburg, Inc. and Elvin Vernon, Appellants *v.* County of Schuylkill, Appellee.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*William G. Sherr*, with him *Howard N. Stark, Stark and Sherr*, for appellants.

*Charles L. Frank*, for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 24, 1983:

This case comes before the Court on appeal from an order of the Schuylkill County Court of Common Pleas, which restrained defendant property lessee[1] from operating its adult bookstore in a residential district. We affirm.

The premises involved is an improved parcel located in an R-2 single family residential district which

---

[1] Joe's Enterprises, Inc. and its president, Elvin Vernon, were both parties defendant in the equity action.

Joe's Enterprises of Stroudsburg, Inc. (Joe's) leased from the non-party owners effective June 15, 1979. Joe's commenced the controversial use of the building in early July, 1979, and was promptly notified that it was in violation of several sections of the Schuylkill County Zoning Ordinance (ordinance). Joe's then applied for, and was denied, a permit to continue its commercial and retail sales use of the structure. Within days of that denial, the county filed an action[2] in equity seeking to restrain Joe's from further allegedly illegal activity. Some forty-four days after the denial Joe's filed an untimely[3] appeal from it to the zoning hearing board (board) which unilaterally decided to hold the appeal in abeyance pending the outcome of the equity action now under review.

Appellant Joe's raises three questions for our examination: (1) whether the appeal from the zoning permit request stays the equity action *sub judice* under Section 916 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §10916, (2) whether the board's presumption that the equity action is not stayed, and its resultant failure to hold a hearing, cause the permit request to be "deemed" approved under Section 908(9) of the MPC, 53 P.S. §10908(9), and (3) whether the county's alleged lack of clean hands defeats the equity action. We shall address these issues seriatim, within the limits of our scope of review in equity matters—ascertainment of whether the trial court abused its discretion or committed an error of law. *Borough of Trappe v. Longaker*, 59 Pa. Commonwealth Ct. 572, 576, 430 A.2d 713, 716 (1981).

---

[2] The county also filed another action based on the Crimes Code, which is not material to this appeal.

[3] *See* Section 1006(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11006 (2), which establishes a thirty-day appeal period. *See*, Ryan, Pennsylvania Zoning Law and Practice, §9.4.3.

Joe's assigns as error the common pleas court analysis and application of Section 916 of the MPC, 53 P.S. §10916. That provision reads, in pertinent part:

Upon filing of any proceeding referred to in section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and *all official action thereunder* shall be stayed. . . . (Footnote deleted.) (Emphasis added.)

Joe's argues to this Court that the quoted language must be construed to mean that an appeal to the board from a denial of a zoning permit, special exception, variance, or other zoning relief, would effect a stay of any or all attempts by the municipality to halt the unpermitted activity. It cites no authority in support of this broad and novel proposition, and our research has disclosed none. Indeed, such an interpretation would render the enforcement provisions of Section 617, 53 P.S. §10617, nugatory, and would thus contradict the Statutory Construction Act of 1972.[4] Further eroding Joe's assertion is the case of *Vernon v. Borough of Darby,* 59 Pa. Commonwealth Ct. 11, 428 A.2d 770 (1981), in which one Elvin Vernon appealed from a court order denying his preliminary injunction request. The borough had, without due process of law, chained and padlocked Vernon's adult products business, and the court had refused to enjoin that rather drastic measure. This Court modified the common pleas order, enjoined only the illegal use to which the premises had been put and directed that access to the building not be physically obstructed. In so doing, we stated:

Some kind of borough action was . . . merited by appellant's violation of both ordinances. How-

[4] 1 Pa. C. S. §1501-1991.

ever, the borough had less drastic legally prescribed alternatives available to rectify the situation. Appellant may be subject to fines and an injunction by the borough for the violations, but not to physical obstruction accomplished without the benefit of legal process. *Id.* at 15, 428 A.2d at 772. We therefore conclude that a request for, and grant of an injunction in this matter was a legally appropriate remedy for the county.

In determining whether Joe's limited[5] appeal stays such proper restraining action, we must examine Section 916, 53 P.S. §10916. What is required to activate its stay provisions?

1. Filing of a proceeding referred to in Section 914, 53 P.S. §10914.

2. Land development.

3. A challenged ordinance, order, or approval of the zoning officer, agency or body.

4. Official action under the challenged ordinance, order, or approval.

In the instant case there has been an appeal from the permit denial, which appeal challenges that order of the zoning officer; these satisfy the first and third requirements listed above. The Court notes, however, that there is no "land development"[6] involved in this proceeding, and that the official action here opposed (the equity suit) is for enforcement of the existing zoning rather than "under" the denial of the permit. We therefore conclude that this case is not one contemplated by the language of Section 916, and that the determination of the common pleas court on that issue was not in error.

---

[5] Our examination of the record establishes that what was appealed to the board was an application for a *zoning permit*, since that was the only request that had been filed with the zoning officer.

[6] "Land development" is defined in Section 107 of the MPC, 53 P.S. §10107.

Joe's next asserts that Section 908(9), 53 P.S. §10908(9), applies in this instance to effect a "deemed approval" of his permit request. That issue is not properly before us in the context of an appeal from an injunction. This Court has previously determined that "a landowner who claims the benefit of a deemed approval can look only to mandamus for the issuance of a permit." *Bensalem Township v. Weber*, 58 Pa. Commonwealth Ct. 350, 352, 427 A.2d 781, 782 (1980).

Joe's finally raises the bar of unclean hands, and in support thereof, argues that the denial of the permit request and the filing of the equity actions to restrain its illegal use of the property demonstrates a concerted effort on the part of county officials to bar it from said use. This Court sees nothing improper or inappropriate about the conduct of which Joe's complains, and perceives no merit in this argument.

Having found no error of law or abuse of discretion on the part of the common pleas court in granting the requested injunction, we hereby affirm that order.

### ORDER

AND NOW, this 24th day of March, 1983, the order of the Court of Common Pleas of Schuylkill County, entered to Docket No. S-1017-79, is hereby affirmed.