Independence Hall Parking, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Joseph Provenzano, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Billie H. Thomas, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Winon Jenkins, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Liberata Patrizi, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

574

Argued June 7, 1984, before Judges MacPhail, Colins and Blatt, Reargued October 18, 1984, before Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Michael Sklaroff,* with him, *Craig R. Shagin,* for appellant, Independence Hall Parking, Inc.

*Michael J. Stack, Jr.,* with him, *James Murray Lynn,* for appellant, Joseph Provenzano.

*Stanley M. Shingles,* for appellants, Winon Jenkins, Liberata Patrizi and Billie Thomas.

*Richard D. Solo,* with him, *John R. Padova, Solo, Padova & Lisi,* for intervenor, Blara Parking Corp.

*Scott M. Olin,* Assistant Counsel, with him, *Andrew H. Cline,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MacPHAIL, December 31, 1984:

This matter is before us by virtue of a remand order from our Supreme Court dated May 17, 1984 which continued a stay of this Court's order dated

May 11, 1984 and directed that we give expedited consideration to Appellants'[1] appeal from an order of the Court of Common Pleas of Philadelphia dated April 19, 1984. We affirm the order of the Court of Common Pleas.

A brief summary of the factual background of this case will hardly do justice to the charges and countercharges exchanged by the litigants, nor will a recitation of each and every motion that has been filed in the Court of Common Pleas, this Court and our Supreme Court serve any useful purpose. Moreover, since the record consists only of pleadings because there has been no evidentiary hearing, we admit that we have gleaned the underlying facts from the briefs of counsel.

Appellants are lessees of the Department of Transportation (DOT) who operated parking lots located in the Vine Street corridor of Philadelphia. In January of 1983, DOT notified Appellants that their leases were terminated.[2] When Appellants refused to leave their premises, DOT filed eviction proceedings in the Philadelphia Municipal Court and judgments were issued against all Appellants. Those judgments were appealed to the Philadelphia Court of Common Pleas. The appeals automatically stayed those proceedings. DOT then filed ejectment, assumpsit and trespass complaints against the Appellants. Preliminary motions, including a motion for partial judgment on the pleadings by DOT in the ejectment proceedings, were filed and assigned to Judge WHITE of the Court of Common Pleas of Philadelphia.

---

[1] Independence Hall Parking, Inc., Joseph Provenzano, Billie H. Thomas, Winon Jenkins and Liberata Patrizi.

[2] The leases are on standard forms which provide, *inter alia*, that they may be terminated upon 30 days prior written notice.

On Saturday, April 14, 1984, Commonwealth took possession of the various parking lots without the benefit of legal process.[3] On that same date, Judge WHITE entered an order in the form of a mandatory preliminary injunction removing DOT from possession and restoring Appellants to possession, *status quo ante.* That order was subsequently appealed to this Court where Senior Judge LEHMAN entered an order superseding Judge WHITE's order and directing the Court of Common Pleas to conduct no further proceedings for injunctive relief. Two days later, Judge LEHMAN amended his order to permit the trial court to conduct proceedings regarding injunctive relief.

On April 19, 1984 Judge WHITE entered the following order:

> AND Now, this nineteenth day of April, 1984, it is hereby ORDERED AND DECREED that Plaintiff's Motion for Partial Judgment on the Pleadings is DISMISSED as moot in view of the fact that Plaintiff is in possession of the premises involved. Opinion to follow.

In his opinion filed April 30, 1984 in support of that order, Judge WHITE concluded by saying, "Defendants' request for injunctive relief is denied herewith".

On April 26, 1984, Appellants filed a notice of appeal with this Court and an application for relief pursuant to Pa. R.A.P. 1732 requesting an order that they be restored to possession and that the trial court proceed with the eviction actions. In response to that application, Judge COLINS of this Court, after hearing argument, entered an order which, *inter alia,* restored Appellants to full rights of possession, vacated Judge

---

[3] Much has been made of the clandestine manner by which DOT took possession. Judge COLINS of this Court has previously addressed this matter and we deem it unnecessary to say more.

LEHMAN's order as amended, vacated Judge WHITE's order of April 19, 1984 and directed Judge WHITE to hold an evidentiary hearing on the original eviction proceeding commenced by DOT in the Court of Common Pleas. On application of DOT, that order was stayed by our Supreme Court and the remand order previously referred to, was thereafter entered.

We now have for disposition DOT's motion to quash Appellants' appeal as well as the disposition of the merits of that appeal.

### Motion to Quash

DOT has two bases for its motion to quash. It first asserts that Appellants were not aggrieved by the orders from which their appeal was taken. It does seem as though we are faced with a somewhat anomalous situation inasmuch as Appellants have appealed from an order which has been rendered in their favor. Judge WHITE's order denies DOT's motion for partial judgment on the pleadings, which he treated as a motion for partial summary judgment, meaning that Appellants "won". Appellants, however, contend that it is the denial of their request for preliminary injunction as set forth in the last sentence of Judge WHITE's opinion quoted above, that is before this Court by virtue of the Supreme Court's order. We note that the per curiam order of the Supreme Court specifically identifies Judge WHITE's order as "dismissing petitioner's actions for possession of realty as moot".[4]

We believe, however, that the denial of injunctive relief as set forth in the last sentence of Judge WHITE's opinion was a natural consequence of the order previously entered and, therefore, was part of his disposition of the case. We conclude that there is

---

[4] DOT was the petitioner before the Supreme Court.

an appealable order before us which is the denial of Appellants' application for injunctive relief.[5]

DOT next argues that Judge WHITE's order is interlocutory and not appealable since the order does not fall within the permissible appeal of interlocutory orders allowed by Pa. R.A.P. 311 nor was permission granted for the appeal under the provisions of Pa. R.A.P. 1311. We need not involve ourselves in extended discussion of this issue, however, since we have previously held that it is the denial of injunctive relief that is on appeal. Pa. R.A.P. 311(a)(4) specifically authorizes an appeal from an order refusing an injunction, notwithstanding the fact that such an order is interlocutory.

DOT's motion to quash must be denied.

### Merits of Appeal

Appellants contend that the seizure of the parking lots by DOT without legal writ and while proceedings initiated by DOT were pending in the trial court, was an illegal act which entitled Appellants to the injunction Judge WHITE refused. DOT counters by stating that the decision of our Supreme Court in *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928 (1982), clearly supports Judge WHITE's denial of injunctive relief.

In *Ezy Parks,* parking lot lessees in the same general area as the instant Appellants, sought preliminary injunctive relief from this Court where DOT had given notice of the termination of the parking lot leases. This Court granted the requested relief but our Supreme Court reversed, holding that since a lease is in the nature of a contract and is controlled by principles of contract law, exclusive jurisdiction to hear and determine the matter of the termination of

---

[5] We also are confident that our Supreme Court would not compel us to consider an unappealable order.

the leases was vested in the Board of Claims. Section 4 of the Act of May 20, 1937 P.L. 728, 72 P.S. §4651-4. It was argued by the lessees in *Ezy Parks,* as it is argued here, that the leases were wrongly terminated. Justice HUTCHINSON, writing for a unanimous Court, said:

> Consequently the Commonwealth Court may not intervene in matters involving contractual disputes between the Commonwealth and its lessees by providing injunctive relief against a wrongful termination.

499 Pa. at 628, 454 A.2d at 935. It is DOT's contention that Appellants here are limited to an action for damages before the Board of Claims.

Appellants argue that this case is not controlled by *Ezy Parks,* because DOT here invoked the jurisdiction of the court of common pleas and while that litigation was proceeding, used self-help in the form of a forcible seizure to recover possession from its lessees.[6] Appellants assert that self-help is no longer available in Pennsylvania and even if available, it is not available to DOT in the instant case since DOT instituted legal action for possession.

DOT says self-help is a common law remedy available to it which is not lost simply by virtue of the fact that it sought a court ordered eviction. There does not seem to be any appellate authority to support either side of this argument but this need not long concern us because we believe the trial court correctly interpreted *Ezy Parks* to limit Appellants to their remedy before the Board of Claims. Whether or not self-help was available to DOT, Appellants' remedy is limited to damages.

---

[6] DOT has since re-leased the subject premises to Blara Parking Corp., an intervenor in the case *sub judice.*

As we have previously noted, the trial court's order dealt only with DOT's request for partial summary judgment, which was denied. Appellants can hardly challenge that decision because it was in Appellants' favor. We doubt that Appellants want this Court to reverse that decision and enter judgment *for* DOT. In any event, we are satisfied with the trial court's finding of mootness. A court cannot give possession to someone already in possession.

It is understandable that Appellants feel that an injustice has been done because DOT has accomplished without legal process what it initially set out to do by seeking legal process. We can do no more than repeat what the trial court has said and what we now affirm to be our understanding of the law; lessees who rent from the Commonwealth and whose leases are terminated, must seek their remedy before the Board of Claims and not in a court of equity.[7]

---

[7] Appellants rely heavily upon *Berman v. Philadelphia*, 425 Pa. 13, 228 A.2d 189 (1967) as authority for equitable intervention where the lessor physically repossessed leased property. We note that *Berman* and *Vernon v. Borough of Darby*, 59 Pa. Commonwealth Ct. 11, 428 A.2d 770 (1981), which followed in this Court, both dealt with the authority of a municipality to forcibly evict one in possession of a premises for an alleged violation of a zoning ordinance. In both cases, the Court held that equity could intervene to prevent forcible seizures where less drastic and more orderly procedures were available. Appellants argue that similar less drastic and more orderly procedures could have been used here. But it is the nature of the available remedy not the use of less onerous procedures to accomplish possession, that is the issue which distinguishes those cases from the one now before us. As we have noted, the Supreme Court in *Ezy Parks* was dealing with leases between the Commonwealth as sovereign and individual lessees and held that since the legal relationship between those parties was contractual the lessees were limited to the exclusive remedy provided by statute in such cases. No such similar remedy was afforded to the ousted possessors of real estate in *Berman* or *Vernon* because there was no lessor/lessee relationship existing between the parties nor was there an exclusive remedy statutorily provided.

582

### Order

The order of the Court of Common Pleas of Philadelphia dated April 19, 1984 is affirmed. The Department of Transportation's motion to quash is denied.

We also note that our Supreme Court in its remand order to us in the instant case specifically stated that the record was remanded to us "in light of this Court's decision in Ezy Parks v. Larson" (citation omitted). The Supreme Court did say in that case that it was not precluding equity intervention in all cases, especially where a fundamental constitutional right was threatened for which monetary damages would be inadequate, but the Court hastened to add that the lessees' opportunity to obtain monetary damages against the Commonwealth from the Board of Claims for interference with their contractual lease agreements with the Commonwealth, *"is adequate"*. (Emphasis ours.)