103 Pa. Commonwealth Ct. 28 (1987)
519 A.2d 571
Steven Coretsky, Appellant
v.
Board of Commissioners of Butler Township, Butler County, Pennsylvania, Appellee.
No. 2683 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued October 7, 1986.
January 5, 1987.
Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.
*29 James W. Gerlach, Lindsay & Lutz, P.C., for appellant.
Bruno A. Muscatello, Stepanian & Muscatello, for appellee.
OPINION BY SENIOR JUDGE KALISH, January 5, 1987:
Appellant, Steven Coretsky, seeks review of an order of the Court of Common Pleas of Butler County which denied his motion for post-trial relief.[1] We reverse the trial court.
Appellant owned a parcel of land which was part of a previously recorded subdivision plan. Appellant's parcel consisted of twelve separate lots, each with a twenty-five foot frontage. He submitted an application for a subdivision plan approval which consisted of joining together three twenty-five foot lots as one lot, each with a seventy-five foot frontage, in order to conform to the building lot requirements of the zoning law.
The Butler Township Planning Commission approved of the plan. Appellant then went to the Butler Township Board of Commissioners (Board) for approval, as required. The Board requested further information concerning the type of street paving and nature of sewer facilities, all of which were supplied by appellant.
*30 The Board then notified appellant by letter that his request for subdivision approval was disapproved. Without citing the specific ordinance provisions, the Board indicated that the disapproval was based on appellant's failure to meet the township's specifications as they apply to roads and utilities. The record shows that by having attended meetings concerning this application, appellant was aware of the road and utility requirements.
The trial court, relying specifically on Johnston Appeal, 69 Pa. Commonwealth Ct. 220, 450 A.2d 785 (1982), affirmed the order of the Board disapproving the subdivision plan, holding that appellant was not "duped, delayed, or deluded" because he had prior knowledge of what was required.
Our scope of review is to determine whether the trial court committed an error of law or an abuse of discretion. Seltzer v. Zoning Board, 39 Pa. Commonwealth Ct. 520, 395 A.2d 1041 (1978).
At the trial court hearing, appellant raised the issue of "deemed approval" pursuant to section 508(3) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10508(3). Since this issue was raised in the trial court, it can be raised on appeal. Center City Residents Association v. Zoning Board of Adjustment and 18th and Rittenhouse Associates, 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980).
Section 508 of the Code, 53 P.S. § 10508, provides that all applications for the approval of a plat shall be acted upon by the governing body which shall render and communicate its decision to the applicant. Section 107(10) of the Code, 53 P.S. § 10107(10), defines governing body to include the township supervisors, and section 107(16) of the Code defines a plat as a map or plan of a subdivision or land development, whether preliminary or final. Land development is defined as the improvement *31 of one lot or two or more contiguous lots, for any purpose involving the division or allocation of land. Section 107(11) of the Code.
The plan of appellant to merge the twelve twenty-five foot lots of the recorded plan into four lots of seventy-five feet each, with the intent to conform to the building lot requirements of the zoning ordinance, is a land development plan within the meaning of the Code, and must be acted upon by the township supervisors.
Section 508 of the Code, 53 P.S. § 10508, provides further:
(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;
(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. ...
Regardless of what appellant may have learned at meetings, this Court has consistently held that the above language is mandatory and requires that the governing body's written decision rejecting an application must signify the defects found in the application, describe the requirements of the Code on the local ordinance which have not been met, and provide citations to the specific provisions of the statute and local ordinance relied upon. Newberry Township Board of Supervisors v. Newberry Estates, Inc., 58 Pa. Commonwealth Ct. 134, 427 A.2d 327 (1981). Here, the Board's letter falls short. The trial court's reliance on Johnston Appeal is misplaced. There, that court held that the appellant was not "duped, delayed or deluded" because there was not *32 protracted deliberation or inaction by the township board. While that language may have been used, it applied to the unique features of that case, and the real basis for the decision was that the property owner was the mayor of the municipality and presumed to have knowledge of the precise violations of the ordinances and the citations involved. Here, there is no evidence to indicate that the appellant was aware precisely of the nature of the violations and the citations of the Code.
In Rosanelli v. Quakertown Borough Council, 43 Pa. Commonwealth Ct. 420, 402 A.2d 1115 (1979), this Court held that there was a "deemed approval" when the rejection letter, while containing references to specific defects such as the need for curbs and sidewalks, did not adhere to the clear mandate of section 508(2) of the Code, which requires specific ordinance citations, even where the applicant apparently had full knowledge of the applicable ordinance provisions and conditions imposed by the ordinance.
Accordingly, pursuant to the requirements of section 508(3) of the Code, we reverse the trial court. The subdivision plan must be deemed approved.

ORDER
NOW, January 5, 1987, the order of the Court of Common Pleas of Butler County, MsD No. 84-058, Book 43, Page 308, dated August 30, 1985, is reversed. It is further ordered that the subdivision plan submitted by Steven Coretsky be deemed approved pursuant to section 508(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10508(3).
NOTES
[1] Unless there is a local rule of court to the contrary, a single-judge order in a zoning appeal is final and the filing of a post-trial motion does not extend the period allowed for filing an appeal to this Court. C.B. Co. v. Rostraver Township Zoning Hearing Board, 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980). However, because the trial court accepted briefs and heard oral argument on the motion for post-trial relief, we must proceed on the basis that the Court of Common Pleas of Butler County does provide by local rule for post-trial relief in zoning appeal cases.