## Blank v. Bensalem Township

52

*William E. Benner,* for plaintiff.
*Richard I. Moore,* for defendant.

BECKERT, *J.* October 14, 1987—Bensalem Township has appealed to the Commonwealth Court from our order of September 14, 1987, wherein we had approved the zoning application of Jeffrey C. Blank (who, since he originally initiated proceedings in this court, will hereinafter be called appellant) as filed with the township.

On November 17, 1986, the Bensalem Township Board of Supervisors, after hearing, verbally voted to deny appellant's application for approval of a proposed shopping center. Thereafter, on December 1, 1986, the board sent him a letter which read as follows:

"During the board of supervisors meeting on November 17, 1986, your application for the final land development for Tax Parcel 2-1-55-1 located on Neshaminy Boulevard was rejected by a three-nays-and-one-abstain vote because the plan submitted did not meet the requirements of Subdivision and Land Development Ordinance No. 268.

"Sections 501.F, section 504.B.2, section 505.B.4, 508.E., 511.C, 511.0, 504.B.5, 505.A.2.a.4, 511.D are not in accordance with the ordinance. Also, the township's engineer recommendation of a traffic study has not been addressed."

Appellant's zoning appeal and a separate mandamus action brought by him have been consolidated for our disposition. The major thrust of appellant's argument is that he is entitled to deemed approval of his land development plan because of the township's failure to comply with section 508(2) of the Pennsylvania Municipalities Planning Code (53 P.S. §10508), which states:

"When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite the provisions of the statute or ordinance relied upon;. . . ."

We believe the cases of *Whiteland Manor Homes Inc. v. Borough of Downingtown,* 32 Pa. Commw. 274, 378 A.2d 1311 (1977) and *BP Oil Inc. v. Bensalem Township Board of Supervisors,* 30 Bucks Co. L.Rep. 38 (1977), aff'd. Pa. Commonwealth Ct. No. 381 C.D. 1977, both cited by appellant, are completely dispositive of this issue. We need only look at the "turndown" letter held insufficient to satisfy the statute in the *Whiteland Manor Homes* case, which stated in relevant part:

"(1) The plan does not meet the provisions of section 707, subsection a, b and c of the borough's subdivision ordinance concerning stream banks, storm sewers and areas of flooding.

"(2) The plan does not meet the requirements of section 802 of the borough's subdivision ordinance concerning flood plain and swamps."

If that communication was fatally defective for lack of specificity, since it did not recite the nature of the alleged defects in the applicant's plan and failed to describe the requirements which had not been met, then the letter of rejection sent to appel-

lant in the instant case, which is even less specific, cannot stand. See also, *Coretsky v. Board of Commissioners of Butler Township,* 103 Pa. Commw. 28, 519 A.2d 571 (1987).

Given the express direction of section 508(2) of the MPC and the "deemed approval" cases decided thereunder, we believe we must dismiss the township's argument that this appellant was intimately familiar with the applicable ordinance requirements and the nature of the alleged defects which troubled the governing body, so that the reasons for rejection were well known and understood by him, notwithstanding the township's "technical" failure to reduce them to written form. Even if there was an ongoing dialogue, and appellant had the benefit of information and guidance from his experts (engineer and attorney) as the township insists he did, he was nonetheless entitled to the detailed explanation of all of the reasons why the governing body felt his plan did not merit its approval. Strict compliance with the clear direction of the MPC was required, and the township's contention that section 508(2) would have imposed on it an "unreasonable burden" is a makeweight argument at best. If the issues were as well understood between the parties as the township insists, then the framing of a proper written decision would certainly have been quite routine, and nothing less should be expected.

We see no need to address appellant's alternative arguments that the denial was motivated by a desire to curb development and that he had demonstrated a willingness and ability to comply with all regulations applicable to his proposed land use. We believe our order was correctly entered.