534 A.2d 598

Craig E. Dallmeyer, Appellant *v.* Board of Supervisors of East Manchester Township et al., Appellees.

Craig E. Dallmeyer, Appellant *v.* Board of Supervisors of East Manchester Township et al., Appellees.

Argued November 17, 1987, before Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

646

*Harry R. Swift, Liverant, Senft and Cohen,* for appellant.

*William H. Poole, Jr.,* with him, *Thompson J. McCullough, McCullough & Poole,* for appellees.

OPINION BY JUDGE COLINS, December 15, 1987:

Craig E. Dallmeyer (appellant) appeals from an order of the Court of Common Pleas of York County, affirming the decision of the Board of Supervisors of East Manchester Township (Board) which denied appellant's application to subdivide real estate into single-family dwelling lots.

In July, 1984, appellant filed an application to subdivide real estate situate in East Manchester Township into twenty-one (21) single-family dwelling lots. Appellant's preliminary subdivision plan indicated that the lots were to be provided with water by on-site wells. No mention of any public water system was made on the plan. On August 14, 1984, the Board reviewed and approved appellant's preliminary subdivision plan. On August 28, 1984, the Township Planning Commission reviewed the plan. It was at this meeting that the issue of connection to a public water system was first raised.

Appellant, on August 13, 1984, filed his final subdivision plan. On September 11, 1984, the Board denied approval of the final plan, and the plan was tabled until the next meeting scheduled for October 11, 1984, pending clarification of a report regarding the feasibility and possibility of extending public water to the site.

On September 12, 1984, the following letter of denial was sent to appellant by appellees' attorney:

This letter will confirm that on September 11, 1984 the Board of Supervisors of East Manchester Township denied the final plan which you submitted for this tract. Even though denied, that plan has been left on the table and shall be reconsidered by the Board of Supervisors at its next monthly meeting on Thursday, October 11, 1984. In the meantime, the Township Engineer will contact York Water Company concerning the availability of a public water system within 1000 feet of your development. Further, the matter of a recreation fee may be reviewed.

On October 11, 1984, the Board held another meeting, the result of which was a letter dated October 12, 1984, wherein appellees' attorney notified appellant that his final plan was denied, the reasons therefore, and specific citations to violations of the township's ordinance.

Appellant raised three issues before this Court which the Court of Common Pleas resolved in appellees' favor. The three issues are: (1) whether the September 11, 1984, decision of the Supervisors denying approval of the final plan was properly and timely filed; (2) whether the Township Supervisors can revoke the approval of the preliminary subdivision plan or otherwise impose additional conditions prior to approving the final subdivision plan; and (3) whether, under the circumstances and ordinances pertaining to the subdivi-

sion and land development, the Supervisors may require appellant to connect to a public water system as a condition of approval of the final subdivision plan.

For the reasons stated herein, we reverse the decision of the Court of Common Pleas.

We first note that our scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Coretsky v. Board of Commissioners of Butler Township,* 103 Pa. Commonwealth Ct. 28, 519 A.2d 571 (1987).

Appellant argues that the decision of the Supervisors on September 11, 1984, denying approval of the final plan was not properly and timely communicated to appellant. We agree.

Appellees' letter dated September 12, 1984, states, "the Board of Supervisors of East Manchester Township denied the final plan which you submitted for this tract." This language can be interpreted no other way than to mean that appellant's final plan was denied. It is of no consequence that appellees' attorney added that the plan would be "left on the table." Appellees' letter indicated a clear-cut denial. Furthermore, portions of the transcript of the September 11 and October 11, 1984, Board meetings support our conclusion that the September 11, 1984, decision was a denial. Mr. McCullough, appellees' attorney, stated:

> The plan has been technically denied at this point, but put on the table until the next month. . . . That's why the Minutes are so important; to make clear it was denied the last time and not simply postponed. . . . That's also why I wanted us to deny something the last meeting just to make sure we got a denial.[1]

---

[1] The Court of Common Pleas did not address the issue of whether or not the September 12, 1984, letter constituted a denial

Next, we must determine whether the September 11, 1984, decision denying approval was properly and timely communicated to appellant.

Section 508 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(3) provides, in pertinent part:

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein *shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. (Emphasis added.)

In dealing with another "deemed approval" case which was decided subsequent to the Court of Common Pleas of York County's disposition of the instant matter, we stated that:

---

of appellant's final plan. Instead, that court found that appellees' October 12, 1984, letter constituted a denial and that it comports with the notice requirements of the Pennsylvania Municipalities Planning Code.

> This Court has consistently held that the above language is mandatory and requires that the governing body's written decision rejecting an application must signify the defects found in the application, describe the requirements of the Code on the local ordinance which have not been met, and provide citations to the specific provisions of the statute and local ordinance relied upon.

*Id.* at 31, 519 A.2d at 572. Furthermore, nowhere in the record is there any indication that appellant agreed to allow the township to alter its requirement regarding notification of the denial of the plan.[2]

We find that the Board's letter dated September 12, 1984, was notification of the Board's denial of appellant's final plan, and that this notification did not fulfill the requirements found in the Code. Accordingly, appellant's final subdivision plan which was filed August 13, 1984, is deemed approved by virtue of Section 508(3). As such, we need not address appellant's two other issues on appeal.

Accordingly, the decision of the Court of Common Pleas of York County is reversed, and appellant's final subdivision plan is approved pursuant to Section 508(3) of the Code.

## ORDER

AND NOW, this 15th day of December, 1987, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby reversed and appellant's final subdivision plan is approved pursuant to Section 508(3) of the Code.

---

[2] Mr. McCullough specifically stipulates to the fact that appellant never agreed to this.