540 A.2d 1389

Appeal of Larry Buchsbaum From Decision of the Borough Council of Jenkintown Borough, Pennsylvania Denying Application for Preliminary Plan of Subdivision. Larry Buchsbaum, Appellant.

Argued December 15, 1987, before Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Kenneth D. Berman, Lesser & Kaplin, P.C.*, for appellant.

*Stephen P. Imms, Jr.,* with him, *Frank W. Jenkins, Jenkins, Tarquini & Jenkins,* for appellee.

OPINION BY SENIOR JUDGE NARICK, May 17, 1988:

Larry Buchsbaum (Appellant) filed a statutory appeal under Section 1006 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11006, seeking deemed approval of his preliminary subdivision plan for the failure of the Borough Council of Jenkintown Borough to notify him of its final decision denying his plan within the 15-day period mandated by Section 508(1) of the MPC, 53 P.S. §10508(1). The Court of Common Pleas of Montgomery County dismissed his appeal, holding that Appellant had pursued an incorrect method of obtaining relief by using the statutory appeal process instead of the appropriate action in mandamus.

Appellant filed an application on April 3, 1985 for approval of a preliminary plan of subdivision for a parcel of land in Jenkintown. The plan proposed the subdivision of the property into three lots upon which two attached townhouses were to be built, with an existing house remaining. On October 28, 1985, the Borough Council voted to disapprove the plan because it would create a non-conforming condition on the lot. Written notice of the disapproval was sent to Appellant on November 9, 1985. Prior to receiving that notice, Appellant submitted a revised plan to the Borough on November 6, 1985. This revised plan was disapproved on Feb-

ruary 24, 1986, based upon a failure to provide the required rear yard for lot number 3. The following day, Appellant wrote a letter to the Council President requesting that the plan again be brought before Council at the March 24, 1986 regular meeting. On March 10, 1986, the Building and Zoning Committee voted not to have the request placed on the next council meeting agenda. On March 12, 1986, the Council mailed a letter to Appellant notifying him of this decision. Appellant filed a notice of appeal in the court of common pleas from that decision, alleging that the Council had failed to make a timely decision, thereby resulting in a deemed approval of his preliminary subdivision plan. This appeal followed that court's dismissal of Appellant's statutory appeal.

We are asked to decide whether mandamus is the exclusive remedy for one seeking deemed approval of a subdivision plan where a municipality has failed to render a timely decision denying the plan.[1] The common pleas court based its decision on the language in this Court's opinion in *Croft v. Board of Supervisors of Middletown Township,* 76 Pa. Commonwealth Ct. 488, 464 A.2d 625 (1983), wherein we reversed a trial court's dismissal of a mandamus action seeking deemed approval, declaring mandamus to be an appropriate remedy.

We have, certainly, recognized that mandamus is an available, if not the preferred remedy. *See, e.g., Danwell v. Zoning Hearing Board of Plymouth Township,* 108 Pa. Commonwealth Ct. 531, 529 A.2d 1215 (1987); *Van Wingerden v. Kallatch,* 97 Pa. Commonwealth Ct. 66, 508 A.2d 1295 (1986); *Croft; Bensalem Township v. Weber,* 58 Pa. Commonwealth Ct. 350, 427 A.2d 781

---

[1] Appellant has also raised the issue of whether the Borough Council abused its discretion in denying his application. In light of our disposition of the first issue, we need not address the second.

(1981); *Foltz, Jr. v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). When the local agency has not issued a denial which could be the subject of an appeal, the rationale for proceeding with a mandamus action rather than using the statutory appeal process was succinctly summarized in *Bensalem:*

> Quite plainly, a landowner who claims the benefit of a deemed approval can look only to mandamus for the issuance of a permit; a statutory appeal to court under MPC §1006(3)(b) is available only to 'any party aggrieved', and the landowner obviously is not aggrieved by the deemed approval decision in his favor.

*Id.,* 58 Pa. Commonwealth Ct. at 353, 427 A.2d at 782 (footnote omitted).

On the other hand, where denials have been issued by the local agency, this Court has considered questions of deemed approval presented in the form of a statutory appeal. *See, e.g., Dallmeyer v. Board of Supervisors of East Manchester Township,* 111 Pa. Commonwealth Ct. 645, 534 A.2d 598 (1987); *Coretsky v. Board of Commissioners of Butler Township,* 103 Pa. Commonwealth Ct. 28, 519 A.2d 571 (1987); *Whiteland Manor Homes, Inc. v. Borough of Downingtown,* 32 Pa. Commonwealth Ct. 274, 378 A.2d 1311 (1977); *V.C. Finisdore, Inc. v. Lower Merion Township,* 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976). In those cases, landowners appealed from denials of their plans which failed to conform with the provisions of Section 508(2) of the MPC, 53 P.S. §10508(2), requiring that the denials specify the plan's defects or the specific sections of the ordinance relied upon.

In resolving the question before us, we are guided by Section 708(b) of the Judicial Code, 42 Pa. C. S. §708(b) which directs that:

> [i]f an appeal is improvidently taken to a court under any provision of law from the deter-

mination of a government unit where the proper mode of relief is an action in the nature of . . . mandamus . . . , this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted upon as a complaint or other proper process commenced against the government unit . . . and as if filed at the time the appeal was taken.

Accordingly, we must conclude that the common pleas court erred in failing to treat Appellant's statutory appeal as an action in mandamus, and we reverse its order to the extent it dismissed Appellant's appeal.

We note, however, that the court did discuss the merits of the ultimate issue in this case, *i.e.*, whether Appellant is entitled to deemed approval of his subdivision plan. In its opinion, it stated:

In the instant case, this Court was asked to compel the performance of a purely ministerial act or duty. Appellant argued that appellee had failed to communicate its decision within fifteen (15) days following the date of the decision as is required by §508(1) of the [MPC]. . . . That section provides, '[t]he decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen (15) days following the decision.' Thus, according to §508(1) . . . , appellee had fifteen (15) days in which to notify appellant of its decision.

The Council disapproved appellant's Preliminary Subdivision proposal at its regular meeting of February 24, 1986. In order to satisfy the fifteen (15) day notification requirement, the Council would have had to mail its notification of final decision to appellant on or before March

11, 1986. The Jenkintown Borough Council delayed mailing its notification letter to appellant until March 12, 1986, sixteen (16) days after its final decision. Accordingly, the Council's failure to notify appellant timely of its final decision is a deemed approval of appellant's Preliminary Subdivision Plan.

However, while we agree appellant is entitled to a deemed approval of his Preliminary Subdivision Plan, we believe Appellant has pursued an incorrect method of obtaining relief. Concluding that it did not have jurisdiction, the court declined to grant the requested relief. Because we concur in the common pleas court's resolution of this controlling issue, we remand this matter with directions that the court treat Appellant's statutory appeal as a complaint in mandamus and grant the appropriate relief.

ORDER

AND NOW, this 17th day of May, 1988, the order of the Court of Common Pleas of Montgomery County dismissing Appellant's appeal in the above-captioned matter is reversed, and the matter remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.