V. C. Finisdore, Inc. *v.* Township of Lower Merion, Montgomery County. V. C. Finisdore, Inc., Appellant.

Argued October 4, 1976, before President Judge Bowman and Judges Crumlish, Jr., and Wilkinson, Jr., sitting as a panel of three.

*Robert James Jackson,* with him *Michael R. Sweeney,* and *Kassab, Cherry and Archbold,* for appellant.

*Parker H. Wilson,* with him *Wilson, Oehrle & Drayer,* for appellee.

Opinion by Judge Crumlish, Jr., December 21, 1976:

V. C. Finisdore, Inc. (Appellant) has appealed an order of the Court of Common Pleas which affirmed the Board of Commissioners of Lower Merion Township (Commissioners) in its denial of Appellant's application for subdivision approval.

Appellant owns a parcel of land situate in Lower Merion Township (Township) consisting of approximately 3.806 acres in an area zoned R-4 Residential (single-family detached dwellings on lots of not less than 6,000 square feet). The land is improved with a residence, a swimming pool and outbuildings.

On June 7, 1974, Appellant submitted a plan to subdivide the parcel into eleven lots for the construction of ten houses (a house already existed on one of the lots). The plan was subsequently revised by reducing the number of lots to eight for the proposed construction of seven additional houses. The revised plan was submitted to Commissioners at a public meeting on January 15, 1975. Commissioners denied the plan in a letter dated January 16, 1975, setting forth their reasons as follows:

"On January 15, 1975, the Board of Commissioners of the Township of Lower Merion reviewed a Lot Location Plan of the subject property dated November 27, 1974, revised to December 26, 1974 prepared by Yerkes Associates, Inc. submitted by you showing 8 lots. The Board of Commissioners denied the application for subdivision for the following reasons:

"1. Nature of the development in relation to the land.

"2. House and Road locations are not satisfactory in view of the contours and slopes of the land.

"3. Site is being overdeveloped and is not in the overall interest of the Township.

"4. Changes in the natural features of the land that would occur as a result of development.

"5. The additional rain water runoff created by developing this site will contribute to the already serious flooding problems experienced by residents in the immediate down stream area. No additional runoff should occur until the present flooding problems are solved.

"6. The additional traffic on Maplewood Avenue at the curve.

"7. It is doubtful if the slope of the driveway can be held at 14% or less.

"8. Concern with fire equipment using the driveway intersecting with Woodbine Avenue."

Appellant raises two contentions on appeal. First, the subdivision plan should be deemed approved for failure of the governing body to render its decision in accordance with Section 508 of the Pennsylvania Municipalities Planning Code (MPC).[1] Second, the denial of the plan was an abuse of discretion. Since we sustain the first contention, we need not consider the second.

Section 508 of the MPC specifies the manner in which a decision disapproving a plat plan must be rendered:

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met *and shall, in each case, cite to the provisions of the statute or ordinance relied upon;*

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein *shall be deemed an approval of the application in terms as presented* unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. (Emphasis added.)

Since this case is one in which the court below took no additional evidence, our scope of review is limited

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

to determining whether Commissioners abused their discretion or committed an error of law in denying approval for the subdivision, *Horst v. Derry Township Board of Supervisors*, 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975).

The language of Section 508(2) of the MPC clearly requires citations to specific provisions of the ordinance relied upon in denying the application. *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975); *Valley Run, Inc. v. Board of Commissioners of Swatara Township*, 21 Pa. Commonwealth Ct. 649, 347 A.2d 517 (1975). In this case, Commissioners' decision does not conform to this requirement. We must therefore follow the clear instructions of Section 508(3) of the MPC and conclude that the subdivision plan is deemed approved.

Accordingly, we

ORDER

AND Now, this 21st day of December, 1976, the order of the court below affirming the denial of the subdivision plan is reversed. It is further ordered that the subdivision plan be deemed approved.