Whiteland Manor Homes, Inc. *v.* Borough of Downingtown, Appellant.

Argued October 3, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*William H. Mitman,* for appellant.

*James E. McErlane,* with him *Lamb, Windle & McErlane,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 27, 1977:

The Borough of Downingtown (Borough) has appealed to this Court from a decision of the Court of

Common Pleas of Chester County ordering the Borough to give approval to a subdivision plan submitted by the appellee Whiteland Manor Homes, Inc. (Whiteland). We affirm the order of the lower court.

Whiteland submitted a subdivision application to the Borough for the construction of a single family residential home development within the Borough limits. This plan was referred to the Borough Planning Commission for review, who recommended to Borough Council that the plan be rejected. On June 19, 1975, Council accepted the Planning Commission's recommendations and a letter was sent to Whiteland the next day informing them of the rejection.

Whiteland appealed this decision to the Court of Common Pleas of Chester County. On June 2, 1976, that Court issued an order remanding the matter to Borough Council with leave to file an amended decision within twenty days. This remand was necessary because the June 20, 1975 decision erroneously referred to a nonexistent section of the Downingtown Subdivision and Land Development Ordinance.[1]

Borough Council then issued an amended decision, dated June 17, 1976, again denying the subdivision application of Whiteland. This amended order was then reviewed by the Chester County Court which, on October 25, 1976, with an able opinion by Judge MARRONE, issued an order reversing the Borough's decision and directing Borough Council to approve the Whiteland application. Specifically, the lower court found that the amended decision did not comply with Section 508 (2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, 53 P.S. §10508 (2). As a result, under the provisions of Section 508 (3) of the MPC, 53 P.S. §10508(3), the Borough was

---

[1] Appellee apparently did not take advantage of what appellant refers to as a typographical error.

directed to give approval to Whiteland's preliminary subdivision plan.

Section 508(2) of the MPC, 53 P.S. §10508(2), reads as follows:

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

In its amended decision, the Borough Council informed Whiteland that:

1. The Plan does not meet the provisions of Section 707, subsection a, b and c of the Borough's Subdivision Ordinance concerning stream banks, storm sewers and areas of flooding.

2. The Plan does not meet the requirements of Section 802 of the Borough's Subdivision Ordinance concerning Flood Plain and swamps.

The Borough contends that Section 508(2) of the MPC can be complied with solely by referring the prospective developer to the statutory authority relied on in rejecting his plan, assuming those provisions are specific enough, in and of themselves, to inform the developer of the deficiencies in his plan. We do not agree. Section 508(2) clearly requires that a municipality's decision must specify the defects in a plan, and describe the requirements which have not been met, as well as cite the statutory authority relied on. The Borough's decision in this case referred only to the statutory authority relied on, and therefore, did not comply with the other provisions of Section 508(2) of the MPC, 53 P.S. §10508(2). The lower court properly found, therefore, that under the terms of Section 508(3) of the MPC, 53 P.S. §10508(3), the Borough had to give approval of Whiteland's preliminary plan. *V. C. Finisdore, Inc. v. Township of Lower Merion*, 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976).

Both parties have argued the issue of whether Sections 707 and 802 of the Downingtown Subdivision Ordinance provide sufficient standards on which to base a rejection of Whiteland's application. Since we have found the Borough's decision did not, on its face, comply with Section 508(2) of the MPC, 53 P.S. §10508 (2), we agree with Judge MARRONE that it is unnecessary to reach this issue.

Accordingly, we will enter the following

ORDER

Now, October 27, 1977, the decision of the Court of Common Pleas of Chester County, dated October 25, 1976, ordering the Borough Council of Downingtown to give approval to the subdivision plan submitted by Whiteland Manor Homes, Inc., is affirmed.