Robert Noll, Appellant *v.* Thomas Stewart, Harold Boldosser and Charles King, Board of Supervisors of North Middleton Township, Appellees.

Argued December 12, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*John B. Mancke, Mancke & Lightman,* for appellant.

*James D. Bogar,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 17, 1981:

This case is an exercise in semantics, in which the appellant asks this Court to reverse a lower court determination that a vote to refuse to conditionally approve a subdivision plan constitutes a disapproval for the purposes of Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508. We must, instead, affirm the able opinion of the court below.

On December 20, 1978, appellant submitted an application for subdivision approval to the North Middleton Township Planning Commission. He subsequently filed his preliminary plan, which received approval on January 8, 1979, conditioned on affirmative responses to it from the Tri-County Planning Agency and the Planning Consultant. The minutes of the February 1 meeting of the Board of Supervisors (Board) reflect further discussion of the matter, and deferral of the vote until comments were received

from the Pennsylvania Department of Environmental Resources (DER), Tri-County, and the Planning Consultant.

After further postponement at the March 1 meeting, so that the applicant could arrange for deep probes on all the lots, the Board discussed the plan at a March 20 meeting, at which the applicant was present. According to the minutes, motion was made to give the plan contingent approval; one member voted in favor, the other two "gave a nay vote, disapproving North View Estates Preliminary Plan." Three days later, the Board solicitor notified the appellant of this Board action, giving five specific reasons for the disapproval in his letter.

Upon appeal, the Court of Common Pleas of Cumberland County affirmed the Board's decision, noting that the action of the Board of March 20 constituted a decision,[1] which was written in the official minutes of the meeting, and communicated to the applicant in the letter of March 23. The court correctly observed that of the five stated grounds for disapproval, two, having no citation to any ordinance or statute, do not fulfill the requirements of MPC Section 508(2), 53 P.S. §10508(2). *V.C. Finisdore, Inc. v. Township of Lower Merion*, 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976). However, the other three reasons each contain appropriate citations and each is juxtaposed to a brief explanation of the pertinent inadequacy in the plan which complies with the mandates of the statute. *Accord, Whiteland Manor Homes, Inc. v. Borough of Downingtown*, 32 Pa. Commonwealth Ct. 274, 378 A.2d 1311 (1977).

Since the court below received no additional evidence in this case, our scope of review is delimited by a

---

[1] The relative disregard of the lower court for appellant's argument that a refusal to pass a motion to approve is not a disapproval can be attributed to the lack of merit in such an argument.

562

determination of whether the Board committed an error of law or an abuse of discretion in its denial of the subdivision application. *Horst v. Derry Township Board of Supervisors,* 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975). An examination of the record indicates that it did not; none of the consultants gave approval to the plan.

Section 508(2) of the MPC, 53 P.S. §10508(2) was patently drafted to assure that the unsuccessful applicant would have timely notice of the specific reasons for disapproval—reasons upon which he could base a possible appeal. Since the letter from the solicitor gives such reasons, and clearly satisfies not only the spirit, but also the letter of Section 508(2), we find that the Board complied with the provisions of the MPC.

ORDER

AND Now, this 17th day of March, 1981, the order of the Court of Common Pleas of Cumberland County entered in the above case is affirmed.