In Re: Appeal of William D. Johnston From the Decision of the Borough Council of the Borough of Lansdowne, Delaware County, Pa. William D. Johnston, Appellant.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Robert S. Bennett, Jr.*, of counsel: *Trevaskis, Calhoun, Bennett & Slama,* for appellant.

*George S. Saulnier,* for appellee.

*F. D. Hennessey, Jr.*, for intervening appellee, The Greater Lansdowne Civic Association.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 29, 1982:

William D. Johnston appeals from a Delaware County Common Pleas Court order affirming the denial by the Lansdowne Borough Council (Council) of his application for subdivision approval. We affirm.

Johnston, the Lansdowne Borough Mayor, sought Council approval to subdivide his one-acre property into seven (7) attached duplex lots and submitted a preliminary subdivision plan therewith. The lot is located in an "R-3" area which, under the Lansdowne Zoning Ordinance,[1] does not permit attached dwellings. Both the local and county planning commissions informed Johnston that his subdivision proposal did not comply with the local zoning requirements, after which

---

[1] The Borough's zoning ordinance restricts residential uses in an R-3 zone to one-family detached dwellings, one-family semi-detached dwellings and two-family dwellings.

the Council denied his application. The Greater Lansdowne Civic Association intervened on the Borough's behalf when Johnston appealed to common pleas court.

Our scope of review, where the court below received no additional evidence, is limited to a determination of whether the Council committed a legal error or an abuse of discretion in its denial of the subdivision application. *See Noll v. Stewart,* 57 Pa. Commonwealth Ct. 559, 561-62, 427 A.2d 710, 711 (1981).

Johnston contends that the Borough, in notifying him of its decision, failed to comply with certain requirements of Section 508 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508, and, thus, that his application should be deemed approved.[2] Section 508, reads, in pertinent part, as follows:

*Approval of plats*

All applications for approval of a plat . . . whether preliminary or final, shall be acted upon by the governing body. . . .

(1) The decision of the governing body . . . shall be in writing. . . .

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

---

[2] On appeal to common pleas court, Johnston also contested the substantive validity of the zoning ordinance. The lower court, however, ordered part of the appeal stricken since Johnston had not complied with those sections of the Municipalities Planning Code which provide the procedure for challenging an ordinance's substantive validity.

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. . . .

The Council, in denying Johnston's application, provided him with the following notice:

As you know, your request for a primary subdivision for 228 North Lansdowne Avenue was presented at the December 4, 1980 meeting of Borough Council.

At that meeting, it was moved, seconded and carried that "the preliminary subdivision request of William D. Johnston for the property known as 228 North Lansdowne Avenue (Folio 23-001792-00) be denied as said property is in the Borough's R-3 Residence District which does not permit attached housing nor 20 foot and 32 foot wide lots. The applicant should apply for a variance."

We recognize that Section 508(2) "requires that a municipality's decision must specify the defects in a plan, and describe the requirements which have not been met, as well as cite the statutory authority relied on," *Whiteland Manor Homes, Inc. v. Borough of Downingtown*, 32 Pa. Commonwealth Ct. 274, 276, 378 A.2d 1311, 1312-13 (1977), and that these requirements are mandatory. *Rosanelli v. Quakertown Borough Council*, 43 Pa. Commonwealth Ct. 420, 422, 402 A.2d 1115, 1116 (1979). We are also aware, however, of the purposes of Section 508. In *Morris v. Northampton County Hanover Township Board of Supervisors*, 39 Pa. Commonwealth Ct. 466, 471, 395 A.2d 697, 699 (1978), we wrote:

We believe that Section 508 of the [Municipalities Planning Code] was enacted to remedy

indecision and protracted deliberations on the part of local governing bodies and to eliminate deliberate or negligent inaction on the part of governing officials.

Justification for Section 508(2) was stated in *Noll* at 562, 427 A.2d at 711:

> Section 508(2) . . . was patently drafted to assure that the unsuccessful applicant would have timely notice of the specific reasons for disapproval—reasons upon which he could base a possible appeal.

In this case, there was neither protracted deliberation nor inaction by the Borough Council. Moreover, Johnston, in his capacity as the Borough's mayor, presumably was aware of the specific reasons for his plan's disapproval. This presumption is buttressed by the fact that the architect for Johnston's proposal is the *Chairman of the Lansdowne Borough Planning Commission*.

In view of Johnston's unique position as the Borough's chief executive officer, we must conclude that he was neither duped, deluded nor delayed. The consequence provided for in Section 508(3), to wit, the application's deemed approval, was neither intended by the legislature nor should be countenanced by this Court in balancing the public and private interests involved. Thus, considering the unique circumstances of this case, Council's written disapproval of Johnston's subdivision plan satisfies the clear intent behind Section 508(2).

Affirmed.

## ORDER

The Delaware County Common Pleas Court order No. 80-19150, dated June 29, 1981, is hereby affirmed.

Judges ROGERS and MACPHAIL concur in the result only.