555 A.2d 72

Steven CORETSKY, Appellee,

v.

BOARD OF COMMISSIONERS OF BUTLER TOWNSHIP, Butler County Pennsylvania, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 28, 1988.

Decided March 3, 1989.

514

---

Bruno A. Muscatello, Stepanian & Muscatello, Butler, for appellant.

Alexander H. Lindsay, Jr., Lindsay & Lutz, P.C., Butler, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

In this appeal we are asked to address a very limited issue, whether the requirements set forth in § 10508 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 508, as amended, 53 P.S. § 10508 are mandatory. The facts are not in dispute.

The Appellee is the owner of a parcel of land which was part of a previously recorded subdivision plan. Because he wished to join together three of his lots into one, thereby dividing his undeveloped land into two lots, the Appellee was required to submit an application for subdivision plan approval to Butler Township, which in accordance with the Municipalities Planning Code and the Township ordinances, referred the matter to the Butler Township Planning Commission.

At the conclusion of the Planning Commission Hearing, Appellee was advised that the Commission would recommend approval to the Township subject to certain street paving requirements and the addition of five fire hydrants to the plan. The matter was then referred to the Township Commissioners for final approval. At the Commissioner's meeting, the Appellee, through his attorney, was advised that the submitted plan could not be approved until the Appellee agreed to build certain roadways to Township specifications. Because more information was requested, the matter was tabled to permit the Appellee additional time to comply with the Commissioners' request. After all of the requested information had been furnished, the plan was brought to a final vote and rejected. The written notice of the Commissioner's decision was as follows:

At their regular meeting on May 21, 1984, the Butler Township Board of Commissioners disapproved your re-

quest for a subdivision at the end of Campbell Avenue in Highfield, Butler, Pennsylvania.

Your proposed plan does not meet the Township's specifications as they apply to roads and utilities. If the Commissioners were to approve the subdivision you have submitted, the Township would run the risk of installing these improvements.

It is the Commissioners' decision that the Township's Ordinances must be uniformly applied to all persons and to make exceptions would not be in the best interest of Butler Township. Please contact me should you have any additional questions.

(R. 196a).

Dissatisfied with the decision, the Appellee filed a notice of appeal to the Court of Common Pleas and requested a hearing *de novo*. Immediately prior to the scheduled hearing, the Appellee's attorney raised the issue of "deemed approval" under § 10508(3) for failure to comply with the requirements of § 10508(2). Appellant objected to the late submission of the "deemed approval" issue. Notwithstanding, the trial court permitted testimony on that issue.

After taking testimony, the trial court upheld the rejection of the subdivision application relying upon *Appeal of Johnston*, 69 Pa.Cmwlth. 220, 450 A.2d 785 (1982). A timely appeal was then filed with Commonwealth Court which reversed holding that the requirements of § 10508(2) were mandatory. 103 Pa.Cmwlth. 28, 519 A.2d 571. We granted Appellant's Petition for Allowance of Appeal to review the application of §§ 10508(2) and 10508(3) in light of the conflict between *Appeal of Johnston*, supra, and the case sub judice.

The legislature has embodied the proper procedure for obtaining subdivision approval in the Municipalities Planning Code. Specifically, § 10508 sets forth the necessary steps to be followed in processing a subdivision request. With respect to denying an application, § 10508 provides as follows:

(2) When the application is not approved ... the decision *shall* specify the defects found in the application and describe the requirements which have not been met and *shall*, in each case, cite to the provisions of the statute or ordinance relied upon.

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application ...

(emphasis added). It is the interpretation of these two sections which has caused problems for the lower courts.

In *Appeal of Johnston,* supra, the Commonwealth Court carved out an exception to what appears to be an unambiguous provision. The Borough Council had failed in its letter rejecting the proposed subdivision plan to specify by ordinance section the areas in which the plan failed to comply with the ordinance. Commonwealth Court agreed that the Borough's non-compliance with § 10508(2) did not operate as an estoppel because the *intended* purpose of that section had not been defeated since the applicant was the Borough Mayor who presumably was aware of the reasons for the plan's rejection.

Because § 10508(2) is specific and unambiguous, we cannot agree with Commonwealth Court's interpretation as set forth in *Appeal of Johnston,* supra.[1] The Statutory Construction Act, the Act of December 6, 1972, No. 290, 1 Pa.C.S. § 1501 et seq., sets forth the appropriate consideration in interpreting a statute:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(b). Only if a statute is unclear may a court embark upon the task of ascertaining the intent of the legislature by reviewing the necessity of the act, the object

1. It is interesting to note that in *Bensalem Township v. Blank,* 115 Pa.Cmwlth. 281, 539 A.2d 948 (1988), Commonwealth Court has retracted from its rationale in *Appeal of Johnston* and now holds that the requirements of § 10508(2) are mandatory.

to be attained, circumstances under which it was enacted and the mischief to be remedied.   1 Pa.C.S. § 1921(c).

■   Section 10508(2) is quite clear, "... the decision *shall* specify the defects ... and *shall* ... cite the provisions of the statute or ordinance relied upon."   (emphasis added). Generally, words are construed to mean their common usage.   1 Pa.C.S. § 1903.   By definition, "shall" is mandatory.   Accordingly, there is no latitude for overlooking the plain meaning of § 10508(2) to reach a more desired result.

■   While we are cognizant of the harshness of the result in instances such as now before us, we cannot overlook the plain meaning of the statute to avoid a harsh result.   To read an exception into § 10508(2), as the court did in *Appeal of Johnston*, supra, would eventually emasculate the rule itself.   Ordinarily, an applicant is aware of the ordinance sections involved prior to submission of his plan. Therefore, in most cases, the applicant would have actual knowledge of the specific ordinances in question thereby negating the necessity for the rule.   However, being aware of this fact, the legislature still adopted §§ 10508(2) and 10508(3).   Therefore, we will not amend the Municipalities Planning Code by grafting in such an exception.

The Order of the Commonwealth Court is affirmed.[2]

McDERMOTT, J., dissents.

2. The Appellant also argues that the "deemed approval" issue was waived because it was not raised in the Appellee's notice of appeal filed in the Court of Common Pleas.   Since the record reflects that the trial court was advised of the waiver argument and decided to hear evidence on this issue, the trial court apparently believed notice prior to trial was sufficient notice to preserve the issue.   We find no abuse of discretion on the part of the trial court thereby finding no merit in this argument.

Appellant also argues that if the Commonwealth Court decision remains, the plan will violate township ordinances.   While this may be true, proper procedures may have been followed to prevent this occurrence.   *See*, 53 P.S. § 11007.   Since this precise issue has not been addressed by either lower courts, we decline to address it until such time as it is properly before us.