861 A.2d 260

**HINES NURSERIES, INC., t/a Hines Color,**

v.

**PLUMSTEAD TOWNSHIP BOARD OF SUPERVISORS.**

**Petition of Ari Van Wingerden.**

Supreme Court of Pennsylvania.

Oct. 20, 2004.

### ORDER

PER CURIAM.

**AND NOW,** this 20th day of October 2004, the Petition for Allowance of Appeal is GRANTED, limited to the following issue: whether 53 P.S. § 10508(2) can be satisfied where the Board denies an application as filed and cites to a prior stipulation as the reason. The order of the Commonwealth Court is REVERSED. *See Coretsky v. Board of Commissioners of Butler Township,* 520 Pa. 513, 555 A.2d 72, 74 (1989) (when Board fails to cite to statute or ordinance to explain why application was denied, the application is deemed approved as filed), and 53 P.S. § 10508(3) (same). Petitioner's remaining issue is DENIED.

Justice SAYLOR files a Concurring Statement.

SAYLOR, Justice, concurring.

I agree with the decision to reverse the Commonwealth Court's order in this matter, but would not foreclose the use of a court-approved stipulation that ends pending litigation, in certain instances, as a basis for the denial of plat approval under Section 508 of the Municipalities Planning Code. *See* 53 P.S. § 10508. As the Commonwealth Court dissent observed, however, the stipulation upon which the Plumstead Township Board of Supervisors relied in the present matter is not material to Petitioner's application for a lot line change and, thus, cannot serve a basis for denying that application pursuant to Section 508.