# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Maransky, Kevin Baird,      :
Moyer Street Associates, LP,       :
FT Holdings LP, Icehouse LLC,     :
and EPDG LP                       :
                                 :
                v.            :    No. 559 C.D. 2018
                                 :    ARGUED:  March 14, 2019
John Scott,                    :
                Appellant    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED:  April 5, 2019**


       John Scott (Scott) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying his motion to determine immunity under the Environmental Immunity Act (Act), 27 Pa.C.S. §§ 8301-8305.  In his motion, Scott requested that the trial court grant him immunity or, in the alternative, hold a hearing to determine his immunity from an abuse of process complaint filed by James Maransky, Kevin Baird, Moyer Street Associates, LP, FT Holdings LP, Icehouse LLC, and EPDG LP (collectively, Developers).  This case presents an issue as to whether the trial court erred in denying the motion without holding a hearing under Section 8303 of the Act based on a determination that Scott failed to make a threshold showing under Section 8302(a) that his communication and/or objections to the Zoning Board of Adjustment of the City of Philadelphia (ZBA) were made in

connection with the implementation and enforcement of an environmental law or regulation.  For the following reasons, we affirm.

The relevant background is as follows.  Developers built Icehouse Condominium and Moyer Street Court in the Fishtown area of Philadelphia.  Scott was the objector to two sets of variances that the ZBA granted to Developers.  This Court considered two appeals involving those projects.  In *Scott v. City of Philadelphia, Zoning Board of Adjustment and FT Holdings L.P.*, 173 A.3d 1261 (Pa. Cmwlth. 2017), *appeal denied*, 182 A.3d 446 (Pa. 2018),[1] on remand from the Supreme Court, we affirmed the trial court's order quashing Scott's appeal on the ground that he lacked standing as an objector to appeal the ZBA's decision granting variances to FT Holdings, LP.

In *Scott v. Zoning Board of Adjustment, Moyer Street Associates, LLC, and Kevin Baird*, 167 A.3d 302 (Pa. Cmwlth. 2017),[2] we affirmed the trial court's order denying Scott's appeal from a decision of the ZBA to grant use and dimensional variances to intervenors Moyer Street Associates, LP and/or Kevin Baird.  Before the ZBA, Scott's primary objection was that the inside of the row of homes would block his view of Center City.  *Id*., slip op. at 7.  He also expressed concerns regarding a shared driveway and lack of a turn-around.  Further, he contended that a crime magnet or fire hazard could result from the fact that the inside row of homes would not be visible or easily accessible from the street.  *Id*., slip op. at 7-8.  As for any environmental issues, he maintained that the ZBA's finding that

---

[1] This opinion is unpublished and appears in the respective Atlantic reporters in table format only.  Our docketing number is 154 C.D. 2013 and the filing date is July 12, 2017.  The Supreme Court's docketing number is 466 E.A.L. 2017 and the filing date is March 13, 2018.

[2] This opinion is unpublished and appears in the Atlantic reporter in table format only.  Our docketing number is 358 C.D. 2015 and the filing date is April 13, 2017.

2

the property was contaminated was contrived and not supported by any evidence other than the intervenors' speculation. *Id*., slip op. at 19.

Subsequently, Developers filed an abuse of process complaint alleging wrongful use of civil proceedings and tortious interference with existing contractual relationships pertaining to Scott's past objections to the two projects. Scott filed an answer with new matter and counterclaims. In addition, he filed the instant motion to determine immunity under the Act. The trial court denied his motion without holding a hearing, concluding that he failed to trigger the hearing requirement. Scott's appeal to this Court followed.

On appeal, Scott argues that the trial court was required to hold a hearing on his motion pursuant to Section 8303 of the Act and to afford him an opportunity to present evidence as to his qualification for immunity from Developers' civil action. Emphasizing the General Assembly's use of the word "shall" in 27 Pa.C.S. § 8303, he notes the Supreme Court's holding that "[b]y definition, 'shall' is mandatory." *Coretsky v. Bd. of Comm'rs of Butler Twp.*, 555 A.2d 72, 74 (Pa. 1989). In addition, he observes that the purpose of the Act is to protect those persons targeted by frivolous lawsuits based on their constitutionally protected government petitioning activities and to encourage and open the lines of communication to those government bodies clothed with the authority to correct or enforce environmental laws and regulations. *Penllyn Greene Assocs., L.P. v. Clouser*, 890 A.2d 424, 433-34 (Pa. Cmwlth. 2005).

By way of background, the relevant provisions of the Act provide:

### § 8302. Immunity

    **(a) General rule.**—Except as provided in subsection (b), *a person that*, pursuant to Federal or State law, files an action in the courts of this Commonwealth to enforce an environmental law or regulation or that *makes*

3

*an oral or written communication to a government agency relating to enforcement or implementation of an environmental law or regulation shall be immune from civil liability in any resulting legal proceeding for damages where the action or communication is aimed at procuring favorable governmental action.* [Emphasis added.]

**(b) Exceptions.**—A person shall not be immune under this section if the allegation in the action or any communication to the government is not relevant or material to the enforcement or implementation of an environmental law or regulation and:

(1) the allegation in the action or communication is knowingly false, deliberately misleading or made with malicious and reckless disregard for the truth or falsity;

(2) the allegation in the action or communication is made for the sole purpose of interfering with existing or proposed business relationships; or

(3) the oral or written communication to a government agency relating to enforcement or implementation of an environmental law or regulation is later determined to be a wrongful use of process or an abuse of process.

. . . .

### § 8303.  Right to a hearing

A person who wishes to raise the defense of immunity from civil liability under this chapter may file a motion with the court requesting the court to conduct a hearing to determine the preliminary issue of immunity. *If a motion is filed, the court shall then conduct a hearing and if the motion is denied, the moving party shall have an interlocutory appeal of right to the Commonwealth Court, during which time all discovery shall be stayed.* [Emphasis added.]

27 Pa.C.S. §§ 8302(a) and (b) and 8303.

Additionally, notwithstanding the absence of a definition for "environmental law or regulation," the Act provides, *inter alia*, the following pertinent definitions:

> **"Enforcement of environmental law and regulation."** Activity relating to the identification and elimination of *violations of environmental laws* and regulations, including investigations of alleged violations, inspections of activities subject to regulation under environmental law and regulations and responses taken to produce correction of the violations.
>
> . . . .
>
> **"Implementation of environmental law and regulation."** Activity relating to the development and administration of environmental programs developed under environmental law and regulations.

27 Pa.C.S. § 8301 (emphasis added).

By way of guidance as to how the Act works when a party seeks to invoke its immunity, the Supreme Court stated that a trial court must utilize a two-step process in analyzing an immunity claim. *Pennsbury Vill. Assocs., LLC. v. McIntyre*, 11 A.3d 906, 912 (Pa. 2011). Pursuant to Section 8302(a), the party seeking immunity first must make a threshold showing that the cause of action arose because he (1) filed an action in a Pennsylvania court to enforce an environmental law or regulation; or (2) made an oral or written communication to a government agency relating to enforcement or implementation of an environmental law or regulation. *Id*. The aim of the action or communication must be procuring favorable government action. *Id*. If the trial court determines that this threshold is satisfied, the party opposing immunity must then demonstrate the applicability of one of the statutory exceptions found in Section 8302(b). *Id*. The Supreme Court noted that

5

the trial court must hold a hearing if the party seeking immunity files a motion under Section 8303. *Id.*

In the present case, the trial court acknowledged that Scott made communications and/or objections to the ZBA as a governmental agency but concluded that they were not based on the implementation or enforcement of an environmental law or regulation. Instead, the trial court determined that Scott's objections in those zoning cases related to his concerns "with the projects' height, his view and light as well as traffic and parking." (Trial Court's June 19, 2018, Opinion at 6.) Accordingly, the trial court determined that the abuse of process complaint was not an attempt to chill Scott's speech due to environmental laws or regulations, but related to Scott's "filing of improper zoning appeals for which he lacked standing, using the court system to delay [Developers'] projects, seeking financial recompense from [Developers] and interfering with [their] contractual obligations . . . ." (*Id.*)

By way of analysis, while it is true that zoning concerns can be interrelated with environmental concerns, that does not transform every zoning case into one subject to the Act. The following three cases are instructive.

In *Pennsbury Village Associates*, the Supreme Court determined, *inter alia,* that the parties' stipulation of settlement providing that an access road would traverse Grant Program land at a location that the township would determine provided "an overriding legal basis rendering statutory immunity unavailable to [the party seeking immunity under the Act] as it constituted a pre-existing legal agreement directly speaking to the access road's location and Wastewater treatment on Grant Program land." 11 A.3d at 916. Further, concluding that it did not need to decide whether the deed restrictions at issue limiting the Grant Program land's use

to "open space/park land/recreational purposes" constituted an environmental law or regulation for purposes of the Act, the Court nonetheless stated: "[W]e agree with the trial court's finding that potential worries about future storm water run-off cannot be equated with the implementation or enforcement of environmental law and regulations . . . ." *Id.*

In *Carlson v. Ciavarelli*, 100 A.3d 731, 738 (Pa. Cmwlth. 2014), this Court rejected Ciavarelli's contention that the township's zoning ordinances limiting his ability to build on a property were designed to protect and govern the environment such that his communications with the township and the zoning hearing board (ZHB) to procure zoning approval related to the implementation and enforcement of an environmental law or regulation. Specifically, we held:

> [T]he record evidence demonstrates that the underlying case concerned whether Ciavarelli was constructing a second principle [sic] dwelling versus an accessory use on the Property. His applications and communications with the Township and the ZHB were focused on meeting the special exception criteria; they were not connected to the implementation and enforcement of Township environmental programs and, therefore, Section 8302(a) of the Act is inapplicable. Having determined that Ciavarelli did not meet his burden relative to Section 8302(a) of the Act, the burden never shifted to the Association to prove that a Section 8302(b) exception applied.

*Id.* at 742.

In *Penllyn Greene Associates*, 890 A.2d at 435, this Court noted the lower court's keen observation that the residents' land use and zoning appeals were not "actions to enforce any environmental law or regulation." Specifically, we stated:

> Although one of the grounds for the land use appeal arguably subsumed an environmentally-related issue, the

7

"action" i.e., the land use appeal, did not relate to the identification and elimination of [d]evelopers' violation of any environmental law or regulation. Rather, Residents' land use appeal requested the Township to set aside the Board's allegedly arbitrary and capricious approval of [d]eveloper's [sic] conditional use application. Similarly, Residents' zoning appeal challenged the validity of the zoning change from single family homes to 36 carriage homes. These appeals related to alleged violations of the [Pennsylvania Municipalities Planning Code[3]] and these appeals were not vehicles designed to enforce the Commonwealth's environmental laws and regulations. *See Appeal of Little Britain [Twp.] From Decision of Zoning Hearing [Bd.]of Little Britain [Twp.], Lancaster [Cty.], Pa.*, 651 A.2d 606, 613 (Pa. Cmwlth. 1994) (Department of Environmental Resources, not the ZHB, is charged with the duty of enforcing and seeking compliance with various environmental protection laws enacted by the legislature). Accordingly this Court rejects Residents' contention that the land use and zoning appeals briefly pending before the Board constituted the type of government petitioning activity that entitled them to immunity under the Act.

*Id.*

Turning to the General Assembly's use of the word "shall" in the Act's hearing provision, it is true that "shall" generally connotes a mandatory action. *Coretsky*. In addition, when the language of a statute is clear, we need not resort to the rules of statutory construction and the statute must be given its plain and obvious meaning. *Yellow Cab Co. v. Unemployment Comp. Bd. of Review*, 90 A.2d 599 (Pa. Super. 1952). Nonetheless, Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1921(a), provides that in ascertaining legislative intent, sections of a statute must be read together and construed with reference to the entire statute. *Wilson v. Cent. Penn Indus., Inc.*, 452 A.2d 257, 306 (Pa. Super. 1982). In addition,

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 - 11202.

it is presumed that the General Assembly did not intend a result that is absurd or unreasonable. *Coretsky*.

In the present case, the record evidence from the underlying zoning cases as outlined in the two opinions of this Court demonstrates that Scott's communication/objections to the ZBA did not relate to the enforcement or implementation of an environmental law or regulation under Section 8302(a), and thus it would have been pointless for the trial court to conduct a hearing. Because there was already a record before the trial court clearly reflecting the nature of Scott's objections in the two zoning cases adjudicated below, we agree that the mandatory hearing requirement in Section 8303 was not triggered.

For the above reasons, therefore, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Maransky, Kevin Baird,    :
Moyer Street Associates, LP,    :
FT Holdings LP, Icehouse LLC,    :
and EPDG LP    :
    :
    v.    :    No. 559 C.D. 2018
    :
John Scott,    :
    Appellant    :

## O R D E R

AND NOW, this 5th day of April, 2019, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge