**[J-108-2018] [MO:Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| GENERAL MOTORS, LLC | : | No. 24 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 1075 CD |
| | : | 2016 dated August 16, 2017, |
| | : | reconsideration denied October 12, |
| BUREAU OF PROFESSIONAL AND | : | 2017, Reversing the Decision of The |
| OCCUPATIONAL AFFAIRS, STATE | : | State Board of Vehicle Manufacturers, |
| BOARD OF VEHICLE | : | Dealers and Salespersons at No. |
| MANUFACTURERS, DEALERS AND | : | 1325-60-2014 dated June 10, 2016 |
| SALESPERSONS | : | |
| | : | ARGUED: December 6, 2018 |
| | : | |
| APPEAL OF: BUDD BAER, INC. D/B/A | : | |
| BUDD BAER BUICK GMC | : | |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                               **DECIDED: July 17, 2019**

I join Section II of the well-reasoned Majority Opinion finding that the surcharge General Motors imposed in this case is not permissible pursuant to Section 9(b.4) of the Board of Vehicles Act. I write separately, however, to note my disagreement with Section I of the Majority Opinion. Because I conclude that the Majority's construction in Section 1 of the Board of Vehicles Act (the Act), 63 P.S. §§818.1-818.37, is antithetical to its stated purpose and undercuts the mandatory language utilized in the Act, I respectfully dissent.

When faced with questions of statutory interpretation, "the primary maxim . . . is to ascertain and effectuate legislative intent." *Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005). This course of action is not only mandated by statute, 1 Pa.C.S. § 1921(a), but is also critical to the separation of powers upon which our government is based. *See*

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court as well as the agency, must give effect to the unambiguously expressed intent of Congress."); *Jefferson Cnty. Court Appointed Emp. Ass'n v. Pa. Labor Relations Bd.*, 985 A.2d 697, 707 (Pa. 2009) ("A legislative action that impairs the independence of the judiciary in its administration of justice violates the separation of powers; the corollary is that a judicial action that infringes on the legislative function also violates the separation of powers."). The plain language of a statute is generally the best indication of legislative intent. *See Commonwealth v. Bradley*, 834 A.2d 1127, 1132 (Pa. 2003).

The Board of Vehicles Act was promulgated as an "exercise of [the General Assembly's] police power . . . in order to prevent frauds, impositions and other abuses upon [the Commonwealth's] citizens and to protect and preserve the investments and properties of the citizens[.]" 49 Pa. Code § 19.1. Agreeing with the Majority that this Act constitutes remedial legislation, Majority Opinion at 12, we are again mandated by the Statutory Construction Act to liberally construe and broadly interpret the Act in order to effectuate its purpose. 1 Pa.C.S. § 1928(c). The Majority, however, dismisses this legislative directive by relying on *General Motors Corp. v. Darling's*, 444 F.3d 98, 109 (1st Cir. 2006), for the proposition that the contractual relationship between vehicle manufacturers and distributors should not be interfered with absent an express prescription from the legislature. Majority Opinion at 12. I find this reasoning unpersuasive.

The *Darling's* case concerned Maine's warranty reimbursement statute and was heard by a federal court sitting in diversity, which impacted the court's analysis of the matter. *Darling's*, 444 F.3d at 109 (noting that the court was "obliged to give effect to the [Supreme Judicial Court]'s authoritative construction of the Maine statute"). Among the

many arguments presented by the parties, the dealer asserted that because the statute was silent as to the manufacturer's right to "re-approve" certain warranty reimbursement claims outside of the warranty approval window, the "statutory silence supersedes General Motor's contractual right to audit and charge back claims once they have been approved." *Id.* at 108. The court disagreed with this line of reasoning, noting that "the statute's silence means precisely the opposite of what [the dealer] says it means." *Id.* at 109. On **this** basis, the court concluded that it was unwilling to "interfere with the bargains that have been struck between manufacturers and their distributors[,]" which is the cited reason the Majority refused to broadly interpret the statute in favor of its legislative purpose. Majority Opinion at 12.

Unlike the dealer in *Darling's*, the dealers in this case are not basing their argument on the silence of the Act. Rather, the dealers here are relying on the consistent, mandatory language utilized. For example, the Act provides that compensation for parts used in warranty repairs "**shall be** at the dealer's retail rate[,]" and provides the procedure by which the retail rate "**shall be** established." 63 P.S. § 818.9(a)(2) (emphasis added); *see also Coretsky v. Board of Comm'rs of Butler Twp.*, 555 A.2d 72, 74 (Pa. 1989) ("By definition, 'shall' is mandatory. Accordingly, there is no latitude for overlooking the plain meaning of [the statute] to reach a more desired result."). The Majority, however, is permitting General Motors to undercut this statutory protection by conditioning it upon the forbearance of a contractual right. Aside from the legislative mandate that the statute should be broadly interpreted to effectuate its purpose, the Majority's conclusion is untenable because it permits General Motors to limit the statutory protections which the legislature enacted to protect dealers from manufacturers like General Motors. *See* 1 Pa.C.S. § 1928(c); *see also Burke by Burke v. Independence Blue Cross*, 171 A.3d 252, 264 (Pa. 2017) ("[W]e construe the statute liberally, in furtherance of its remedial aims[.]")

Further, I agree with the Commonwealth Court's dissent in that proper deference was not afforded to the Board's interpretation of the Act. "The proper place to begin the appropriate inquiry is not . . . with the dictionary but with due deference to the views of the regulatory agency directly involved in administering the statute in question." *Alpha Auto Sales v. Dep't of State, Bureau of Prof'l & Occupational Affairs*, 664 A.2d 153, 155 (Pa. 1994). Indeed, the Commonwealth Court's "focus must center on the Board's interpretation of the Act and its application to Petitioner; the Board's decision cannot be overturned unless clearly erroneous." *Maggio v. Pennsylvania State Bd. of Vehicle Mfrs., Dealers, and Salespersons*, 659 A.2d 1071, 1074 (Pa. Cmwlth. 1995).

Neither the Commonwealth Court nor the Majority of this Court have established on what basis the Board's interpretation of the Act is clearly erroneous. The Majority Opinion implies that great deference should not be afforded to the Board because the interpretation in this case is not a longstanding one. Majority Opinion at 13. The Majority fails, however, to fully appreciate that the Act is chiefly within the ambit of the Board's expertise.[1] While I tend to agree with the broader principles the Majority alludes to regarding administrative deference, I am of the opinion that this Court should directly address the issue of administrative deference and review whether such a rule is still cogent in Pennsylvania.[2] For the foregoing reasons, I respectfully dissent.

---

[1] In fact, the Pennsylvania Board of Vehicles Act was the statutory authority that created the Pennsylvania State Board of Vehicle Manufacturers, Dealers, and Salespersons. 63 P.S. § 818.3

[2] This Court has consistently shown a willingness to chip away at the administrative deference rule. *See Harmon v. UCBR*, --- A.3d ---, 2019 WL 1866696, No. 37 EAP 2017 (Pa. 2019) (Wecht, J., concurring) ("I do not agree that reviewing court should afford what often amounts to unqualified deference . . . to an executive-branch agency's interpretation of an ambiguous statute."); *Greenwood Gaming and Entm't, Inc. v. Pa. Gaming Control Bd.*, 15 A.3d 884, 894 (Pa. 2011) (Saylor, J. dissenting) (declining to defer to the administrative construction of the statute in question); *Malt Beverages Distrib. Ass'n v. Pa. Liquor Control Bd.*, 974 A.2d 1144, 1154 (Pa. 2009) ("We also decline to afford

administrative deference to the PLCB's interpretation of the Code for two reasons."); *Cnty. of Butler v. CenturyLink Commc'n, LLC* --- A.3d ---, 2019 WL 1870377, No. 66 WAP 2017 (Pa. 2019) (Wecht, J., concurring) (rejecting the county's argument seeking administrative deference where "we have an *ad hoc* statutory interpretation, developed with no formality or deliberation whatsoever, as far as we know only upon the occasion of this or similar litigation[.]"). In lieu of slowly moving this Court's jurisprudence away from the administrative deference rule and leaving litigants with limited guidance as to the rule's applicability, I believe this Court should reconsider the line of cases establishing the administrative deference rule.