**E.L.C.A. DEVELOPMENT CORPORA-TION and Eagle Lake Community Association, Appellants,**

v.

**LACKAWANNA COUNTY BOARD OF ASSESSMENT APPEALS and Lackawanna County.**

Commonwealth Court of Pennsylvania.

Argued April 12, 2000.

Decided May 26, 2000.

John B. Dunn, Stroudsburg, for appellants.

James M. Scanlon, Scranton, for appellees.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., and LEADBETTER, J.

COLINS, Judge.

E.L.C.A. Development Corporation and Eagle Lake Community Association (collectively, Taxpayers) appeal the order of the Court of Common Pleas of Lackawanna County ruling that six parcels of real estate located in the Eagle Lake Community were not exempt from separate assessment and taxation as either controlled facilities or common facilities within the meaning of the Uniform Planned Community Act (Act), 68 Pa.C.S. §§ 5101–5414.

The Taxpayers received separate real property tax assessments for each of the subject parcels for the 1998 tax year and subsequent years. Of ten parcels for which assessments were originally appealed, the six involved in the present appeal are, to paraphrase the trial court's opinion, as follows:

Parcel 2 (Lackawanna County tax map no. 21304–010–003), sixty acres used for hiking and cross-country skiing;

Parcel 3 (map no. 22001–010–011), a greenbelt area;

Parcel 4 (map no. 22002–010–006), used primarily as a park and ball field;

Parcel 5 (map no. 22702–060–001), reserved for future construction;

Parcel 8 (map no. 22004–020–001), includes a pool and comfort station; and

Parcel 10 (map no. 22002–010–001), includes a comfort station and shower area.

The Development Corporation owns Parcel 2; the Community Association owns the remaining five parcels.

When the Lackawanna County Board for the Assessment and Revision of Taxes denied their assessment appeals, the Taxpayers appealed to the court of common pleas, alleging that the parcels were exempt from separate assessment and taxation as either "common facilities" or "controlled facilities" within a "planned community." After taking evidence, the trial court concluded that the six parcels were "convertible real estate" and/or "withdrawable real estate" and therefore could be separately assessed and taxed under the Act. On appeal to Commonwealth Court, the Taxpayers argue that the trial court erred 1) in concluding that the parcels in question were convertible or withdrawable real estate under the Act and 2) in concluding that the assessment and taxation of the parcels was valid when the County taxing authority failed to enter its assessment record into evidence. The Taxpayers argue that the parcels are common area or controlled facilities, which may not be separately assessed and taxed; the County argues that the parcels are convertible or withdrawable real estate and therefore may be separately assessed and taxed.

**Planned Community Defined**

The Act applies to all planned communities created within the Commonwealth af-

ter its effective date. 68 Pa.C.S. § 5102(a). The Eagle Lake Community was created in 1992, before the effective date of the Act. Only selected sections of the Act apply retroactively to communities created before the effective date of the Act,[1] including the definitions section, "but those sections apply only with respect to events and circumstances occurring after the effective date of this subpart and do not invalidate specific provisions contained in existing provisions of the declaration, bylaws or plats and plans of those planned communities." 68 Pa.C.S. § 5102(b).

The Act defines "planned community" in pertinent part as

> Real estate with respect to which a person, by virtue of ownership of an interest in any portion of the real estate, is or may become obligated by covenant, easement or agreement imposed on the owner's interest to pay any amount for real property taxes, insurance, maintenance, repair improvement, management, administration or regulation of any part of the real estate other than the portion or interest owned solely by the person.

68 Pa.C.S. § 5103. The Act distinguishes a "flexible planned community" as one "containing withdrawable or convertible real estate [2] or a planned community to which additional real estate may be added or a combination thereof." 68 Pa.C.S. § 5103. A planned community is created by recording a declaration executed by all persons whose interests will be conveyed to unit owners. 68 Pa.C.S. § 5201.

As part of its argument that the parcels in question are withdrawable or convertible real estate, the County argues that Eagle Lake is a flexible planned community. In support of its position, it argues that parcel 2, the 60-acre parcel owned by the Development Corporation, was preliminarily approved for a subdivision and that at any time the property could be annexed to the community and within which additional units could be created. It argues that parcels originally designated as reserved areas on the plat of the community could similarly be used for any purpose, including additional units.

**Separate Titles and Taxation**

The Act provides for separate titles and taxation for all planned communities. Each unit,[3] together with the interests created by the declaration, including the rights to any common facilities, constitutes a separate parcel of real estate, and any conveyance of the unit includes all such interests and rights to common facilities. 68 Pa.C.S. § 5105(a). Each unit is separately taxed and assessed and its value includes the value of the unit's interest in the common facilities, excluding convertible or withdrawable real estate. 68 Pa. C.S. § 5105(b). "[N]o separate assessed value shall be attributed to and no separate tax shall be imposed against common

---

**1.** Specifically, only the following sections apply retroactively to pre-existing planned communities: 5103 (definitions), 5105 (separate titles and taxation), 5106 (applicability of local ordinances, regulations, and building codes), 5107 (eminent domain), 5203 (construction and validity of declaration and bylaws), 5204 (description of units), 5218 (easement of facilitate completion, conversion and expansion), 5219 (amendment of declaration), 5223 (merger or consolidation of planned community), 5302(a)(1)–(6), (11)–(15) (power of unit owners' association), 5311 (tort and contract liability), 5315 (lien for assessments), 5316 (association records), 5407 (resales of units), and 5412 (effect of violations on rights of action). 68 Pa.C.S. § 5102(b).

**2.** "Convertible real estate" refers to "[a] portion of a flexible community not within a building containing a unit, within which additional units, limited common facilities or limited controlled facilities or any combination thereof may be created." 68 Pa.C.S. § 5103. "Withdrawable real estate" refers to "real estate that may be withdrawn from a flexible planned community." 68 Pa.C.S. § 5103.

**3.** A "unit" refers to the "physical portion of the planned community designated for separate ownership or occupancy ... and a portion of which may be designated by the declaration as part of the controlled facilities." 68 Pa.C.S. § 5103. In the Eagle Lake Community, a unit is a lot or campsite.

facilities or controlled facilities." 68 Pa. C.S. § 5105(b)(1). Convertible and withdrawable real estate must be separately assessed and taxed until such time as it is no longer convertible or withdrawable. 68 Pa.C.S. § 5105(b)(2).

The Act defines "common facilities" as "[a]ny real estate within a planned community which is owned by the association or leased to the association. The term does not include a unit." 68 Pa.C.S. § 5103. The Taxpayer's Declaration of Restrictions and Covenants (Declaration, Exhibit P–1) defines "common areas" as "any and all real property designated as such on a plat and all real property acquired by the Association ... with all improvements which may be at any time constructed thereon, including, but not limited to, Roads, Utility Facilities, recreational and community facilities, lakes and parks...." The Act defines "controlled facilities" as any real estate, "whether or not a part of a unit, that is not a common facility, but is maintained, improved, repaired, replaced, regulated, managed, insured or controlled by the association." 68 Pa.C.S. § 5103.

██ The record indicates that all of the subject parcels, except the 60–acre parcel 2, were conveyed to the Eagle Lake Community Association (Exhibit P–12) and are maintained by the Community Association. Under the terms of the definition of common area in the community's declaration, these parcels, regardless of their designation on the community plat, are common areas, and therefore the Act excludes them from separate assessment and taxation.

██ The largest parcel, parcel 2, was conveyed to the E.L.C.A. Development Corporation (Exhibit P–11). It is not a common area because it was not so designated and because it is not owned or leased by, nor was it acquired by, the Community Association. Under the terms of the Act, however, we conclude that parcel 2 is a controlled facility because it is real estate other than a common facility that is maintained, improved, repaired, regulated, managed, insured, and controlled by the Community Association. James H. Ott, president and general manager of the Community Association, testified that the parcel is largely forest area, improved (with cross-country skiing and hiking trails), maintained, insured and patrolled for security purposes by the Community Association (Notes of Testimony pp. 56–59.) The record indicates that this parcel is used as a common area.

██ We reject the County's argument that the parcels are convertible or withdrawable real estate that could at any time be sold or annexed and used to create additional units. Once acquired by the Community Association, any parcels originally designated as reserved areas or otherwise became common areas; parcel 2, by virtue of its being maintained and controlled by the Community Association became a controlled facility. The fact that the Community Association members could at some time in the future vote to sell common area real estate, however unlikely, does not mean that such real estate is convertible or withdrawable. Similarly, the fact that the Development Corporation could at some time in the future decide to sell or develop parcel 2 and remove it from the use of community members does not mean that it is convertible or withdrawable real estate.

In our view, the classifications of convertible and withdrawable real estate cannot apply to real estate that has been converted to common area by conveyance to the Community Association or to real estate owned by the Development Corporation, but maintained, improved, and insured by the Community Association and made available for the common use of the members. Having reviewed the record in this case and the applicable law, we must conclude that the parcels subject to this appeal are excluded from separate assessment and taxation. Applying Sections 5102 and 5105 of the Act, which apply to pre-existing planned communities, and referring to the specific provisions contained

in existing provisions of the community's declaration and bylaws, which the Act did not invalidate, we conclude that all of the parcels in question are either common areas or controlled areas and not separately assessable or taxable. If in the future any parcel is sold or developed with additional units and/or limited common or controlled facilities, the County may at that time separately assess and tax it.

Accordingly, the order of the trial court is reversed, and the Taxpayers are entitled to a refund of amounts paid on the six parcels for the 1998 tax year.

## ORDER

AND NOW, this 26th day of May 2000, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed. The County is directed to refund the taxes paid on the six parcels subject to this appeal for the 1998 tax year.

PELLEGRINI, J., dissenting.

I respectfully dissent from the majority's decision reversing the trial court and concluding that the five parcels owned by Eagle Lake Community Association (Association) and the one parcel owned by Eagle Lake Community Association Development Corporation (Development Corporation), a wholly-owned subsidiary of the Association, are exempt from separate assessment and taxation because by definition under the Uniform Planned Community Act (Act),[1] they are convertible and withdrawable real estate and subject to taxation.

The Association owns five parcels of property in Lackawanna County located in the Eagle Lake Community. The five parcels include land that is described as a greenbelt area near the entrance to the development with no improvements, a reserved area primarily used for a park and ball field, a reserved area for future construction, land described as undeveloped clean and green, and land that is all forest area. The Development Corporation owns one parcel in that same area which consists of 60 acres of land generally used as a hiking park and cross-county ski area. Each of the parcels was taxed separately for tax year 1998.

Both the Association and the Development Corporation appealed the assessments to the Lackawanna County Board for the Assessment and Revision of Taxes (Board) arguing that the parcels were exempt because they were either controlled or common facilities within the meaning of the Act for which no separate assessed value could be imposed.[2] The Board denied the appeals and the Association and Development Corporation filed appeals with the Court of Common Pleas of Lackawanna County (trial court). The trial court affirmed the Board finding that the Development Corporation's parcel was convertible and withdrawable real estate because it was set up to be subdivided and could be at any time annexed to the Association's other parcels contiguous, adjacent or in the vicinity of this land. Similarly, the trial court found that all of the Association's parcels were both convertible and withdrawable real estate and, therefore, taxable because they could eventually be subdivided to create additional units.

On appeal to this Court, the majority reverses the trial court rejecting the argument that the parcels are convertible and withdrawable real estate that can be sold at any time because "the classifications of convertible and withdrawable real estate cannot apply to real estate that has been converted to common area by conveyance to the Community Association or to real estate owned by the Development Corporation, but maintained, improved, and insured by the Community Association and made available for the common use of the members." The majority further states that if any parcel is sold or developed in

---

1. Act of December 19, 1996, P.L. 1336, 68 Pa.C.S. § 5103.

2. 68 Pa.C.S. §§ 5101–5414.

the future, it may be separately assessed and taxed at that time. I dissent from the majority's decision because regardless of whether the parcels are currently being used as a common area, by definition, under the Act, they are withdrawable and convertible and, therefore, taxable.

Pursuant to 68 Pa.C.S. § 5105(b)(1) and (2), no separate assessed value can be imposed against common facilities or controlled facilities, but only against convertible or withdrawable real estate. 68 Pa. C.S. § 5105(b)(1) and (2). A "common facility" is defined as any real estate within a planned community which is owned by the Association or leased to the Association. A "controlled facility" is defined as any real estate with a planned community, whether or not a part of a unit, that is not a common facility but is maintained, improved, repaired, replaced, regulated, managed, insured or controlled by the association. "Withdrawable real estate" is defined as any real estate that may be withdrawn from a flexible planned community. "Convertible real estate" is defined as a portion of a flexible planned community not within a building containing a unit within which additional units, limited common facilities or limited controlled facilities or any combination thereof may be created.

Here, because all of the parcels owned by the Development Corporation and the Association may be subdivided and, therefore, may create additional units, they are convertible real estate and separately taxable. Additionally, because they are also reserved areas that allow the Development Corporation and the Association to use the land in the manner they choose, enabling them to withdraw the parcels from the planned community, they are withdrawable real estate and also separately taxable.

Accordingly, I dissent and would affirm the trial court.

Judge LEADBETTER joins.