**SAW CREEK ESTATES COMMUNITY ASSOCIATION, INC., Appellant,**

v.

**COUNTY OF PIKE and the Pike County Board of Assessment Appeals.**

Commonwealth Court of Pennsylvania.

Argued July 10, 2002.

Decided Oct. 4, 2002.

David L. Horvath, Stroudsburg, for appellant.

Jan S. Lokuta, Milford, for appellees.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY SENIOR JUDGE MIRARCHI.

Saw Creek Estates Community Association, Inc. (Association) appeals from an order of the Court of Common Pleas of Pike County denying its tax assessment appeal. The issue on appeal is whether a restaurant and a real estate office operated by business entities in two buildings owned by the Association in a planned community constitute "common facilities" exempt from separate assessment and taxation under Section 5105(b) of the Uniform Planned Community Act (Act), 68 Pa.C.S. § 5105(b). We reverse.

The following relevant facts are undisputed. The Association is a not-for-profit corporation organized by property owners of Saw Creek Subdivision (Saw Creek), a planned community established under the Act, located in Lehman Township, Pike County. The Association owns various common areas of Saw Creek, such as a water tower, a well house, roads, ponds, green areas, clubhouses, other recreational amenities and the Association office. The properties subject to this tax assessment appeal are a restaurant and a real estate office in two buildings owned by the Association within Saw Creek.

The restaurant, known as "The Top of the World," occupies a portion of the community building which also contains various recreational facilities, such as an indoor pool, indoor tennis courts, indoor racquetball courts, a weightlifting facility and a meeting room used by Saw Creek residents. The restaurant is operated by a business entity for profits under a concession agreement entered into with the Association. Under the terms of the concession agreement, the operator of the restaurant is responsible for all expenses for the operation and pays the Association a monthly facility fee or rent of $1000. The Association, however, has a restaurant liquor license and distributes alcoholic beverages to the restaurant. The restaurant is located approximately four miles from a major thoroughfare and primarily patronized by the Saw Creek residents who receive a 10% discount on meals and purchases.

The other subject property, the real estate office, occupies the one-story building located approximately one half mile from the main entrance to Saw Creek and is operated by a business entity, known as Community Real Estate Services, Ltd., d/b/a Realty Resource Associates at Saw Creek (Realty Resource). Under the lease agreement, Realty Resource pays the Association, as a yearly rent, 10% of the gross commissions generated by sales of real estate, contracts for new home construction, and contracts for renovation, alteration and repair of existing homes. In no event, however, the yearly rent should be less than $24,000 or more than $50,000. While the real estate office is open to the public, its transactions involve only the properties within Saw Creek.

For the tax year 2000, the Pike County Board of Assessment Appeals (Board) reassessed the restaurant parcel as having the value of $142,190 ($5880 for the land

and $136,310 for the building) and the real estate office parcel as having the value of $33,480 ($0 for the land and $33,480 for the building). The various common areas owned by the Association, including the remainder of the building occupied by the restaurant, were not separately assessed and taxed.

The Association appealed the reassessment, claiming that the restaurant and the real estate office are "common facilities" exempt from separate assessment and taxation under Section 5105(b) of the Act, which provides:

> **(b) Taxation and assessment.**—If there is a unit owner other than a declarant, each unit must be separately taxed and assessed. The value of a unit shall include the value of that unit's *appurtenant interest in the common facilities*, excluding convertible or withdrawable real estate. The following shall apply:
>
> (1) Except as provided in paragraph (2), no separate assessed value shall be attributed to and no separate tax shall be imposed against *common facilities* or controlled facilities.
>
> (2) Convertible or withdrawable real estate shall be separately taxed and assessed until the expiration of the period during which conversion or withdrawal may occur. (Emphasis added.)

1. "Controlled facilities" are "[a]ny real estate within a planned community whether or not a part of a unit, that is not a common facility but is maintained, improved, repaired, replaced, regulated, managed, insured or controlled by the association." Section 5103 of the Act. The Association does not claim that the subject properties are controlled facilities exempt from taxation under Section 5105(b) of the Act.

2. The Association *subsequently paid, under* protest, real property taxes imposed upon the restaurant and real estate office parcels for the tax year 2000.

The Act defines "common facilities" as follows: "Any real estate within a planned community which is owned by the association or leased to the association. The term does not include a unit." Section 5103 of the Act, *as amended*, 68 Pa.C.S. § 5103. "A unit" is in turn defined as "[a] physical portion of the planned community designated for separate ownership or occupancy, the boundaries of which are described pursuant to section 5205(5) (relating to contents of declaration; all planned communities) and a portion of which may be designated by the declaration as part of the controlled facility." *Id.*

The Board rejected the Association's claim and denied its appeals. The Association then appealed the Board's decision to the trial court. Concluding, after a hearing, that the restaurant and real estate office parcels are "units" subject to separate assessment and taxation, not "a common facility" or "a controlled facility,"[1] the trial court denied the appeal. The Association's appeal to this Court followed.[2]

■ The Association contends that the restaurant and real estate office parcels fall within the statutory definition of "common facilities" exempt from separate assessment and taxation because they are within the planned community and owned by the Association.[3]

3. This Court's scope of review in a tax assessment appeal is limited to determining whether the trial court's decision is supported by substantial evidence or whether the trial court committed an error of law or abused its discretion. *Lake Naomi Club, Inc. v. Monroe County Board of Assessment Appeals*, 782 A.2d 1121 (Pa.Cmwlth.2001), *appeal denied*, 568 Pa. 638, 793 A.2d 911 (2002). In a tax assessment appeal, the initial burden is upon the Board to establish a prima facie case with regard to valuations. The burden thereafter shifts to the taxpayer to present sufficient competent, credible and relevant evidence to overcome the prima facie validity of the

Under the plain and unambiguous statutory definition, any real properties within a planned community *owned by or leased to the association* fall within the definition of "common facilities." It is well established that where, as here, the words of a statute are clear and free from all ambiguity, the letter of is not to be disregarded. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Flannigan v. Workers' Compensation Appeal Board (Colt Industries)*, 726 A.2d 424 (Pa. Cmwlth.1999). It is undisputed that the two buildings containing the restaurant and the real estate office are within the planned community and owned by the Association. Therefore, the subject properties fall within the definition of "common facilities."

The record in this matter establishes that the unit owners have the appurtenant interests in the common facilities of the restaurant and the real estate office serving the convenience of the Association members. While it is open to the public, the restaurant primarily serves the Saw Creek residents who receive a 10% discount. The real estate office's activities involve only the properties in Saw Creek. Certainly, the rent paid by the operators of the restaurant and the real estate office also benefits the Association and its members by reducing the Association's expenses. Under the statutory scheme adopted in Section 5105(b) of the Act, the value of such appurtenant interests in the common facilities are included in the separately assessed value of each unit, and the common facilities are consequently not separately assessed and taxed.

Relying on the fact that the subject properties are occupied by the business entities, not by the Association, the Board

contends, however, that the subject properties should be deemed to be "units" subject to separate assessment and taxation because "[o]ccupancy of a parcel in and of itself can make a physical portion of the planned community a unit." Board's Brief, p. 10.

 However, the definition of "common facilities" does not list "occupancy" of the real estate as one of the required elements. The Act only requires that the real estate be (1) within the planned community and (2) owned by or leased to the association, to be considered common facilities. Further, the Act itself authorizes the associations to "[g]rant easement, leases, licenses and concessions through or over the common facilities." Section 5302(a)(9) of the Act, 68 Pa.C.S. § 5302(a)(9). To accept the Board's contention and consider "occupancy" of the subject properties as one of the required components of common facilities would not only result in disregarding the plain language of the statutory definition, but also violating the well-established statutory construction principle of *expressio unius est exclusio alterius,* i.e., the express mention of a specific matter in a statute implies the exclusion of others not mentioned. *Burris v. State Employes' Retirement Board* 745 A.2d 704 (Pa.Cmwlth. 2000). Moreover, Section 5103 of the Act provides that a common facility "does not include a unit." Once the subject properties fall within the statutory definition of "common facilities," therefore, they cannot be logically considered to be units subject to separate assessment and taxation.

The Board further contends, and the trial court concluded, that under the general principles of tax assessment law, the

Board's action. *Timber Trails Community Ass'n v. County of Monroe,* 150 Pa.Cmwlth. 29, 614 A.2d 342 (1992).

*use* of the property, not the ownership, should be a controlling factor in determining whether the subject properties are entitled to tax exemption, and that because the subject properties are operated by the business entities for profits, not for the Association members' free, unfettered use, they are not exempt from taxation.

In support, the Board and the trial court rely on *Moon Township Appeal,* 387 Pa. 144, 127 A.2d 361 (1956), which held that the certain concessions, such as the coffee shop, cafeteria, sandwich shop, barber shop, parking garage and taxi service, operated by the private business entities for profits in the airport owned by the County of Allegheny were exempt from taxation under Article IX, Section 1 of the Pennsylvania Constitution, Pa. Const. Art. IX, § 1, then effective, granting tax exemption to public property "used for public purpose," because they were reasonably necessary for the efficient operation of the airport. *See also Moon Township Appeal,* 425 Pa. 578, 229 A.2d 890 (1967) (the hotel, restaurant newsstand, drugstore and food bar were reasonably necessary for the efficient operation of the airport).[4]

In so contending, the Board again totally disregards the plain and unambiguous language in the definition of "common facilities," which does include a specific use of the real estate as one of its required components. Unlike the cases relied on by the Board and the trial court, this matter does not involve the issue of whether the *public property* was *used for the public purpose* for the tax exemption purposes. Thus, the holdings in those cases are irrelevant and inapplicable to the interpretation of the specific statutory definition of common facilities involved in this matter.

█ Finally, the Board contends that the subject properties may be separately assessed and taxed as "convertible real estate" because they can be converted to other uses in the future.[5] In *E.L.C.A. Development Corp. v. Lackawanna County Board of Assessment Appeals,* 752 A.2d 466 (Pa.Cmwlth.2000), this Court has already rejected the similar argument that the common areas in the planned community constituted convertible or withdrawable real estate because they could be sold or annexed and used to create additional units. As this Court held in *E.L.C.A.,* the fact that the Association can decide to sell the common areas in the future does not change their status to convertible or withdrawable real estate subject to separate taxation.

Because the record establishes that the subject properties fall within the definition of common facilities exempt from separate assessment and taxation, the order of the trial court is reversed.

## *ORDER*

AND NOW, this 4th day of October, 2002, the order of the Court of Common Pleas of Pike County in the above-captioned matter is reversed. The County of Pike is directed to refund the real property taxes paid by Saw Creek Estates Community Association, Inc. for the tax year

---

4. In 1968, Article IX, Section 1 of the Pennsylvania Constitution was renumbered to Article VIII, Sections 1 and 2 and rewritten to exempt "that portion of public property which is actually and regularly *used for public purposes.*" (Emphasis added.)

5. "Convertible real estate" is "[a] portion of a flexible planned community not within a building containing a unit, within which additional units, limited common facilities or limited controlled facilities or any combination thereof may be created." Section 5103 of the Act.

2000 on the properties subject to this appeal.